PER CURIAM.
Appended to this order are amended and new rules of the Rules of Civil Procedure. These rules shall govern all proceedings within their scope after 12:01 á. m., December 13, 1971. All conflicting rules and statutes are hereby superseded; statutes not superseded shall remain in effect as rules promulgated by the Supreme Court. The committee notes appended to each rule are not adopted by the Court.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
APPENDIX
FLORIDA RULES OF CIVIL PROCEDURE
RULE 1.035. COURT REPORTER.
(a) When required. Proceedings shall be reported on the request of any party, who shall be responsible for payment thereof. The court may order the proceedings reported. Otherwise, reporting of any proceedings shall not be required.
(b) Fees. The judges of a circuit court by majority vote may set the fees to be charged by court reporters by general order. The order shall be uniform in all courts throughout the territorial jurisdiction of the circuit court and shall be recorded.
(c) Record. When proceedings are being reported, no part of the proceedings shall be taken without being reported unless all of the parties agree to do so and the court approves the agreement.
(d)Transcripts. The court may specify the form size, spacing and method of typing transcripts of proceedings by general order. The order shall be recorded.
Committee Note
Adopted in 1971 to replace a number of local rules concerning reporters. Subdivision (a) as submitted by The Florida Bar would have permitted the parties to decide if the expense of reporting is justified. The Court changed the proposal and, as adopted, the rule restates existing law. As submitted by The Florida Bar subdivision (b) would have authorized the Court to set reporter’s fees for transcribing testimony and per diem when authorized by statute. The Court deleted the requirement of statutory authority. As adopted the rule may be questioned as one of substantive law. Subdivision (c) declares the law as it now exists. Subdivision (d) is new and permits the Court to require uniformity of transcripts.
RULE 1.070. PROCESS.
(f) Copies of initial pleading for persons served. At the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made. The date and hour of service shall be endorsed on the original process and all copies of it by the person making the service. The party seeking to effect personal service shall furnish the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings shall be furnished to the clerk and mailed by him with the notice of action to all parties whose addresses are stated in the initial pleading or sworn statement.
*405 (g) Service of Orders. If personal serv- • ice of a court order is to be made, the original order shall he filed with the clerk who shall certify or verify a copy of it without charge. The person making service shall use the certified copy instead of the original order in the same manner as original process in making service.
(h) (Insert present subdivision (i) re-lettered.)
Committee Note
1971 Amendment. Subdivisions (f), (g) and (h) of the existing rule are combined because they deal with the same subject matter. The “notice of suit” is changed to “notice of action” to comply with the statutory change in 1967. Subdivision (g) is new and provides for substitution of a certified or verified copy of a court order that must be served. The original is to be filed with the clerk and not removed. Subdivision (i) is re-lettered to (h).
RULE 1.080. SERVICE OF PLEADINGS AND PAPERS.
(g) Service by clerk. If a party who is not represented by an attorney files a paper that does not show service of a copy on other parties, the clerk shall serve a copy of it on other parties as provided in subdivision (b).
(h) Service of orders.
(1)When orders or judgments are prepared by a party, copies shall be served as provided in subdivision (b). A notation of service shall be shown at the end of the proposed order or judgment. Use of the words “copies furnished to” followed by the name and address of the persons served shall be sufficient. The party preparing the order or judgment shall also furnish the court with sufficient copies to be given to all parties entitled to receive them after entry of the order by the court. After entry of any order or judgment, whether prepared by the court or a party, the court shall furnish conformed copies to the parties.
(2) When a final judgment is entered against a party in default, the court shall mail a conformed copy of it to the party. The party in whose favor the judgment is entered shall furnish the court with a copy of the judgment, unless it is prepared by the court, and the address of the party to be served. If the address is unknown, the copy need not be furnished.
(3) This subdivision is directory and a failure to comply with it does not affect the order or judgment or its finality or any proceedings arising in the action.
Committee Note
1971 Amendment. Subdivision (g) is added to cover the situation when a party responds by a letter to the clerk and the letter may constitute the party’s answer. The clerk is then required to furnish copies to parties who have appeared in the action and who are not shown to have received copies. It is not intended to apply to those litigious persons appearing in proper person who are familiar with the requirements of the rules. Subdivision (h) is added and the first part regulates the service of copies of orders. When a party is charged with preparation of an order, it requires service of the proposed form on other parties and delivery of sufficient copies to the court to be conformed and furnished to all parties after entry. The second part is intended to notify defendant whose address is known of the determination of the action by the court. Failure to comply with either part of subdivision (h) does not affect the order or judgment in any manner.
RULE 1.100. PLEADINGS, MOTIONS AND ORDERS.
(c) Caption. Every pleading, motion, order, judgment or other paper shall have a *406 caption containing the name of the court, the file number, the name of the first party-on each side with an appropriate indication of other parties and a designation identifying the party filing it and its nature or the nature of the order, as the case may be.
Committee Note
1.971 Amendment. The change requires a more complete designation of the document that is filed so that it may be more rapidly identified. It also specifies the applicability of the subdivision to all of the various documents that can be filed. For example, a motion to dismiss should now be entitled “defendant’s motion to dismiss the complaint” rather than merely “motion” or “motion to dismiss”.
RULE 1.110. GENERAL RULES OF PLEADING.
(h) Subsequent pleadings. When the nature of an action permits pleadings subsequent to final judgment and the jurisdiction of the court over the parties has not terminated, the initial pleading subsequent to final judgment shall be designated a supplemental complaint or petition. The action shall then proceed in the same manner and time as though the supplemental complaint or petition were the initial pleading in the action, including the issuance of any needed process. This subdivision shall not apply to proceedings that may be initiated by motion under these rules.
Committee Note
1971 Amendment. Subdivision (h) is added to cover a situation usually arising in divorce judgment modifications, supplemental declaratory relief actions or trust supervision. When any subsequent proceeding results in a pleading in the strict technical sense under RCP 1.-100(a), response by opposing parties will follow the same course as though the new pleading were the initial pleading in the action. The time for answering and authority for defenses under RCP 1.140 will apply. The last sentence exempts post judgment motions under RCP 1.480 (c), 1.530, 1.540 and similar proceedings from its purview.
RULE 1.200. PRETRIAL PROCEDURE.
(a) Generally. After the action is at issue the court may of its own motion or shall on motion of any party to the action require the attorneys for the parties to appear before it for a conference to consider and determine:
(1) The simplification of the issues;
(2) The necessity or desirabililty of amendments to the pleadings;
(3) The possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;
(4) The limitation of the number of expert witnesses;
(5) The advisability of a preliminary reference of issues to a master for findings of fact for use by the court for pretrial purposes ;
(6) Such other matters as may aid in the disposition of the action.
(b) Notice. The court shall serve a copy of its order setting a pretrial conference on the parties not less than 20 days before the conference. Upon failure of an attorney for a party to attend the conference, the court may dismiss the action or strike the answer or take such action as justice requires. Any documents that will be required for presentation at the pretrial conference shall be specified in the order. Orders setting pretrial conferences shall be uniform throughout the territorial jurisdiction of the court.
(c) Pretrial order. The court shall make an order reciting the action taken at the conference, the amendments allowed to the pleadings and the agreements made by the parties about any of the matters considered and limiting the issues for trial to those not disposed of by admissions or agree *407 ments of the parties. The order shall control the subsequent course of the action unless modified at the trial to prevent injustice.
Committee Note
1971 Amendment. The three paragraphs of the rule are lettered and given subtitles. The present last paragraph is placed second as subdivision (b) because the proceeding required under it is taken before that in the present second paragraph. The time for implementation is changed from settling the issues because the language is erroneous', the purpose of the conference being to settle some and prepare for the trial of other issues. The last two sentences of subdivision (b) are added to require uniformity by all judges of the court and to require specification of the documentary requirements for the conference. The last sentence of subdivision (c) is deleted since it is covered by the local rule provisions of RCP 1.020(d). The reference to the parties in substitution for attorneys and counsel is one of style because the rules generally impose obligations on the parties except when the attorneys are specifically intended. It should be understood that those parties represented by attorneys will have the attorneys perform for them jn the usual manner.
RULE 1.431. TRIAL JURY.

(a)Questionnaire.

(1) The circuit court may direct the authority charged by law with the selection of prospective jurors to furnish each prospective juror with a questionnaire in the form approved by the Supreme Court from time to time to assist the authority in selecting prospective jurors. The questionnaire shall be used after the names of jurors have been selected as provided by law but before certification and the placing- of the names of prospective jurors in the jury-box. The questionnaire shall be used to determine those who are not qualified to serve as jurors under any statutory ground of disqualification.
(2) To assist in voir dire examination at trial any court may direct the clerk to furnish prospective jurors selected for service with a questionnaire in the form approved by the Supreme Court from time to time. The prospective jurors shall be asked to complete and return the forms. Completed forms may be inspected in the clerk’s office and copies shall be available in court during the voir dire examination for use by parties and the court.
(b) Examination by parties. The parties have the right to examine jurors orally on their voir dire.
(c) Challenge for cause.
(1) On motion of any party the court shall examine any prospective juror on oath to determine whether he is related to any party or to the attorney of any party within the third degree or is related to any person alleged to have been wronged or injured by the commission of the wrong for the trial of which the juror is called or has any interest in the action or has formed or expressed any opinion or is sensible of any bias or prejudice concerning it or is an employee or has been an employee of any party within 30 days before the trial. A party objecting to the juror may introduce any other competent evidence to support the objection. If it appears that the juror does not stand indifferent to the action or any of the foregoing grounds of objection exists or that he is otherwise incompetent, another shall be called in his place.
(2) The fact that any person selected for jury duty from bystanders or the body of the county and not from a jury list lawfully selected has served as a juror in the court in which he is called at any other time within one year is a ground of challenge for cause.
*408 (3) When the nature of any civil action requires a knowledge of reading, writing and arithmetic, or any of them, to enable a juror to understand the evidence to be offered, the fact that any prospective juror does not possess the qualifications is a ground of challenge for cause.
(d) Peremptory Challenges. Each party is entitled to three peremptory challenges of jurors, but when the number of parties on opposite sides is unequal, the opposing parties are entitled to the same aggregate number of peremptory challenges to be determined on the basis of three peremptory challenges to each party on the side with the greater number of parties. The additional peremptory challenges accruing to multiple parties on the opposing side shall be divided equally among them. Any additional peremptory challenges not capable of equal division shall be exercised separately or jointly as determined by the court.
(e) Alternate Jurors.
(1) The court may direct that one or two jurors be impaneled to sit as alternate jurors in addition to the regular panel. Alternate jurors in the order in which they are called shall replace jurors who have become unable or disqualified to perform their duties before the jury retires to consider its verdict. Alternate jurors shall be drawn in the same manner, have the same qualifications, be subject to the same examination, take the same oath and have the same functions, powers, facilities and privileges as principal jurors. An alternate juror who does not replace a principal juror shall be discharged when the jury retires to consider its verdict.
(2) If alternate jurors are called, each party is entitled to one peremptory challenge for each alternate juror in addition to those otherwise allowed. The additional peremptory challenge may be used only against the alternate jurors and the other peremptory challenges allowed shall not be used against the alternate jurors.
Committee Note
Adopted in 1971. Subdivision (a) is new. It is intended to replace section 40.101 FS, declared unconstitutional in Smith v. Portante, 212 So.2d 298, after supplying the deficiencies in the statute. It is intended to simplify the task of selecting prospective jurors, both for the venire and for the panel for trial in a particular action. The forms referred to in subdivision (a) are forms 1.983 and 1.984. Subdivision (b)-(e) are sections 53.031, 53.021, 53.011 and 53.051 FS without substantial change.
RULE 1.450. EVIDENCE.
(d) Disposal. The clerk shall retain exhibits introduced in evidence or marked for identification until one year after a judgment becomes final. The court may permit a party to withdraw any exhibit at any time. If an exhibit is not withdrawn within the year, the clerk shall destroy or dispose of the exhibits after giving the parties or their attorneys 10 days notice of his intention to do so. Exhibits shall be delivered to any party or attorney calling for them during the 10 days. Transcripts of testimony are not subject to this subdivision and shall not be destroyed.
Committee Note
1971 Amendment. Subdivision (d) is amended to eliminate the necessity of a court order for disposal of exhibits. The clerk must retain the exhibits for one year unless the court permits removal earlier. If removal is not effected within the year, the clerk may destroy or dispose of the exhibits after giving the specified notice.
*409 RULE 1.490. MASTERS.
(a) General Masters. Judges of the circuit court may appoint as many general masters from among the members of the Bar in the circuit as the judges find necessary and the general masters shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general master shall take the oath required of officers by the Constitution and the oath shall be recorded before the master discharges any duties of his office.
(b) Special Masters. The court may appoint members of The Florida Bar as special masters for any particular service required by the court and they shall be governed by all the provisions of law and rules relating to masters except they shall not be required to make oath or give bond unless specifically required by the order appointing them. Upon a showing that the appointment is advisable, a person other than a member of the Bar may be appointed.
(c) Reference. When a reference is made to a master, either party may set the action for hearing before him.
(d) General powers and duties. Every master shall perform all of the duties that pertain to the office according to the practice in chancery and.under the direction of the court. Process issued by a master shall be directed to all and singular the sheriffs of the State. Hearings before any master, examiner or commissioner shall be held in the county in which the action is pending but hearings may be held at any place by order of court within or without the State to meet the convenience of the witnesses or the parties. All grounds of disqualification of a circuit judge shall apply to masters.
(e) Bond. When not otherwise provided by law, the court may require masters who are appointed to dispose of real or personal property to give bond and surety conditioned for the proper payment of all moneys that may come into their hands and for the due performance of their duties as the court may direct. The bond shall be made payable to the State of Florida and shall be for the benefit of all persons aggrieved by any act of the master.
(f) Hearings. The master shall assign a time and place for proceedings as soon as he reasonably can after the reference is made and give notice to each of the parties. If any party fails to appear, the master may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The master shall proceed with reasonable diligence in every reference and with the least practicable delay. Any party may apply to the court for an order to the master to speed the proceedings and to make his report and to certify to the court the reason for any delay. Unless otherwise ordered by the court, all hearings shall be held in the courthouse of the county where the action is pending. The evidence shall be taken in writing by the master or by some other person under his authority in his presence and shall be filed with his report. The master shall have authority to examine the parties on oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers and other documents applicable to it and to examine on oath orally all witnesses produced by the parties before him. He shall admit evidence by deposition or that is otherwise admissible in court. He may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a master shall bring in their accounts in the form of accounts payable and receivable and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the master directs. All depositions and documents that have been taken or used previously in the action may be used before the master.
(g) Masters Repart. In the reports made by the master no part of any statement of *410 facts, account, charge, deposition, examination or answer used before him shall be recited. The matters shall be identified to inform the court what items were used.
(h) Filing Report; Notice; Exceptions. The master shall file his report and serve copies on the parties. The parties may serve exceptions to the report within 10 days from the time it is served on them. If no exceptions are filed within the period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.
Committee Note
1971 Amendment. The entire rule has been revised. Obsolete language has been omitted and changes made to meet objections shown by the use of local rules in many circuits. Subdivisions (a) and (b) are not substantially changed. Subdivision (c) is shortened and eliminates the useless priority for setting the matter for hearing to permit either party to go forward. Subdivision (d) eliminates the right of the parties to stipulate to the place of hearing. Subdivision (e) is not substantially changed. Subdivisions (f), (g), (h) and (i) are combined. The right to use affidavits is eliminated because of the unavailability of cross-examination and possible constitutional questions. The vague general authority of the master under subdivision (g) is made specific by limiting it to actions that the Court could take. Subdivision (j) is repealed because it is covered in the new subdivision (f). Subdivision (g) is the same as former subdivision (k) after eliminating the reference to affidavits. Subdivision (h) is the same as former subdivision (l).
RULE 1.611. DISSOLUTION OF MARRIAGE (DIVORCE).
(a) Financial Statement. Every application for temporary alimony, child support, attorneys’ fees or suit money shall be accompanied by an affidavit specifying the party’s financial circumstances. The affidavit shall be served at the same time that notice of hearing on the application is served. The opposing party shall make an affidavit about his financial circumstances and shall serve it before or at the hearing. If no application for a temporary award is made, the parties shall make and serve the affidavits at least 10 days before the trial if permanent alimony, child support, attorneys’ fees or suit money is sought. If a party is not represented by an attorney, sufficient time will be allowed the party to prepare the required affidavit at hearing or trial. The affidavits shall be in substantially the form approved by the Supreme Court. On the request of either party the affidavits and any other financial information may be sealed.
(b) Payment to Public Officer.
(1) If payment of alimony or child support, or both, to the clerk of the circuit court or another public officer is authorized by statute, the circuit court may direct the payment to be made to the officer pursuant to the statute.
(2) If payment of alimony and child support to the clerk of the circuit court or another public officer is not authorized by statute, the court may direct the payments to be made to the clerk or another public officer in its order or judgment. If the court so directs, the party shall make the payments to the officer designated. The officer shall keep complete and accurate accounts of all payments received. Payments shall be made by cash, money order, cashier’s or certified check. The officer shall promptly disburse the proceeds to the party entitled to receive them under the judgment or order. Payment may be enforced by the party entitled to it or the court may establish a system under which the officer issues a motion for enforcement and a notice of hearing in the form approved by the Supreme Court. The motion and notice shall be served on the defaulting party in person or by mail. At the hearing *411 the court shall enter an appropriate order based on the testimony presented to it.
Committee Note
This rule was adopted in 1971 to embody parts of local rules in use in parts of the State. Subdivision (a) provides a convenient and expeditious method by which the Court and the parties may be told of the financial circumstances of the parties. Subdivision (b) makes uniform the practice concerning payment under the final decrees and judgments. Those circuits having statutory authority are accommodated by subdivision (b) (1). Other courts may use the procedure under subdivision (b) (2).
RULE 1.627. TRUST ACCOUNTING.
(a) Petition. A petition shall be filed by every person designated as a testamentary trustee who is required to establish his qualifications under the trust accounting law before he is authorized to receive the trust assets. If the person fails to file the petition within 30 days after notice from the personal representative that he is ready to make distribution of the trust, the petition may be filed by the personal representative or any beneficiary. The petition shall contain the items specified in the form approved by the Supreme Court.
(b) Resident Agent. Every trustee qualified by the court shall designate a resident agent in the county where the action is pending and shall file the designation at the hearing on the petition. The designation shall state the name and address of the resident agent and shall contain his consent to act as resident agent. The designation authorizes a resident agent to accept service that will bind the trustee in his representative capacity and individually in any proceeding arising out of his fiduciary capacity. Service shall be made on the resident agent only when the trustee cannot be served within the State. Inability to perfect personal service on the trustee may be evidenced by a return of the person authorized to make service. .
(c) Hearing and Judgment. At the hearing the court shall determine whether or not the trustee is qualified to act and the amount of his bond, if any bond is required. The bond shall be filed within 20 days after the order specifying the amount and conditions of the bond is filed. When the bond is filed or, if no bond is required and the trustee is found to be qualified, the court shall enter judgment declaring the trustee qualified to act. The judgment also may contain any other appropriate provisions concerning the administration of the trust. No oath of the trustee shall be required as evidence of acceptance of the trust or the undertaking of faithful performance as trustee.
(d) Annual Accounts. A trustee shall file an annual account within 90 days after the expiration of the preceding calendar or fiscal year. If the trustee elects a fiscal year, notice of the election shall be filed in the action. The account shall contain an inventory of the trust fund at the end of the accounting period, a statement of the trustee’s principal and income, receipts and disbursements during the accounting period and any other information that the trustee desires to submit. Substantiating papers shall not be filed with the accountings but shall be available for inspection when the court or any beneficiary requests. The trustee may file an account at any time regardless of a waiver. If the value of the trust property or the volume of transactions in the administration of the trusts is small, the court may authorize the trustee to file periodic accounts covering two or more years each.
*412 (e) Notice of Filing. The trustee shall serve notice of the filing and a copy of an annual account on all beneficiaries except those represented under the doctrine of virtual representation unless notice is waived. The notice shall state that it is an application for the approval of all annual accounts then filed and not approved. The notice may be by registered or certified mail with return receipt or by personal service or by delivery to the person entitled to receive the notice or by any other method that the court authorizes but service on an attorney of record is not sufficient. Entry of a default against a beneficiary on the petition for qualification does not waive notice under the subdivision.
(f) Objections. Objections to any unapproved annual account may be filed by a beneficiary within 60 days after the notice given under subdivision (e).
(g) Hearing; Order. The court shall consider the account and shall try any objections on the application of any interested party after notice to all other parties. If no objections are filed, the court shall examine the return and approve it or require such proof "of the items contained in it as is proper. After the time for filing objections has expired or after hearing on any objections that are filed, the court shall enter an appropriate order on all unapproved annual accounts.
(h) Final Account. Before final distribution of the trust assets, the trustee shall file a final account in the same form as an annual account and shall serve notice of the filing and a copy of the account on all beneficiaries who have not waived it. Objections to a final account shall be filed and determined as prescribed for annual accounts. If the court finds that the trustee has properly administered the trust, an order shall be entered approving the final account, unless its filing has been waived, and all unapproved annual accounts, unless their filing has been waived, and directing distribution. On filing receipts showing distribution as directed in the order, a final judgment shall be entered discharging the trustee and the sureties on his bond, if any.
(i) Waiver.
(1) Notice of filing under subdivision (d), (e) and (h) and of the hearing under subdivisions (g) and (h) may be waived in writing by any beneficiary who is sui juris and by the personal representative, guardian or trustee of a beneficiary. A waiver may be withdrawn at any time.
(2) If all beneficiaries who are sui juris or their personal representatives, guardians or trustees file waivers of the filing of annual accounts or of a particular annual account or of the final account, the trustee shall not be required to file the account. A waiver may be withdrawn at any time but the withdrawal of the waiver shall not affect an annual account when the normal filing date has passed before the withdrawal and a waiver of the filing of the final account may not be withdrawn after entry of the order directing distribution by the trustee.
(j) Costs. The costs of examination of accounts shall be paid out of the trust estate unless the court otherwise directs.
Committee Note
This rule was adopted in 1971. The main purpose for its proposal by the Committee was to eliminate the need for local rules concerning the auditing and examination of annual and final account-ings. Following standard Committee procedure, the entire subject was included in the rule so that reference to chapter 737 FS for procedural points would no longer be necessary. The recommendation con *413 cerning audits and examinations was not approved by the Board of Governors and the rule was adopted without this provision. Sections 737.03, 737.04 and 737.-09-737.16 FS have been incorporated in the rule to the extent that they apply to procedure. Notice of the accounts has been made mandatory in subdivision (e). The statutes have been conformed to standard rule terminology and time limits, but no other substantial changes have been made.
FORM 1.943 PETITION FOR DISSOLUTION OF MARRIAGE.
PETITION FOR DISSOLUTION OF MARRIAGE
The petition of A. B. shows:
1. This is an action for dissolution of the bonds of marriage between petitioner and respondent, C. D.
2. Petitioner has been a resident of Florida for more than six months next before filing this petition.
3. Petitioner and respondent were married to each other on_, 19 — , at (place of marriage) and cohabited as husband and wife until _, 19_
4. The marriage between the parties is irretrievably broken.
WHEREFORE petitioner demands a dissolution of h_ marriage to respondent.
NOTE: Allegations about joint property, alimony, custody, attorneys’ fees and temporary relief are omitted from this form and must be added when proper.
This form supersedes prior Form 1.943 Complaint in Divorce, and incorporates 1971 amendments to Chapter 61, Florida Statutes.
FORM 1.950 TRUST QUALIFICATION PETITION.
PETITION
The petition of A. B. shows:
1. This is an action to qualify petitioner as a testamentary trustee.
2. The name and address of petitioner are-,- and his qualifications to be trustee are (list qualifications).
3. The decedent’s name is -, he died on -, 19_, his will was admitted to probate on _, 19— by the County Judge’s Court of _ County, Florida, and the status of the administration of the estate is (state the status of probate proceedings) ; a copy of the will is attached and marked exhibit 1.
4. An inventory and itemized statement of petitioner’s estimate of the value of the trust, insofar as this information is available, is attached and marked exhibit 2.
*414 5. The name, address and status of each beneficiary and a description of their respective interests in the trust are:
(insert the required information)
WHEREFORE petitioner demands judgment that he is qualified to act, fixing the amount of any bond required and assuming judicial supervision of the trust.
NOTE: A copy of the will and an inventory and itemized statement of the value of the trust must be attached as exhibits to this form. The inventory and itemized statement of value may be incorporated in the petition. If the trustee wants instructions concerning any other matters connected with the trust, allegations stating the facts justifying the request must be made.
FORM 1.975. FINANCIAL STATEMENT FOR DISSOLUTION OF MARRIAGE (DIVORCE).
FINANCIAL AFFIDAVIT
STATE OF FLORIDA COUNTY OF
Before me, the undersigned authority, personally appeared-who was sworn and says that the following statement of affiant’s employment, income, expenses, assets and liabilities is true:
Occupation
Employed by
Address
Pay Period
Next Pay Day
Rate of Pay $-
Item 1: INCOME:
Averaged on Weekly Basis
Average GROSS Wage per week $-
Less Deductions
Federal Income Tax $.
Social Security $.
Other $.
Total Deductions £
Average NET Wage $-
Itemize other income $.
$-
$. TOTAL NET INCOME
*415 Item 2: EXPENSES:
Averaged on Weekly Basis
Rent, House payments $.
Food $„
Clothing $.
Incidentals $„
Medical and Dental $_
Transportation $_
Recreation $_
Insurance
Taxes — property $.
Light, Gas, Telephone $.
Average support paid $_
Payments on bills $.
- $.
- $.
TOTAL EXPENSES $„
SUMMARY
Net Income $_
Less Expenses $_
NET $_
Item 3: ASSETS :
Cash on hand or in banks $_
Stocks, bonds, notes
Real Estate
Home
Other
Automobiles $_
Other personal property $.
Itemize other assets $_
- $-
TOTAL ASSETS $.
Item 4: LIABILITIES :
Credit Union
Real Estate Mortgages
Automobile Loans $_
Other notes or loans $.
- $.
TOTAL LIABILITIES $.
Signature
Sworn to and subscribed on_, 19_
Notary Public
My Commission Expires:
NOTE: Additional blank spaces may be provided for additional items where indicated on this form.
*416 FORM 1.983. PROSPECTIVE JUROR QUESTIONNAIRE.
QUESTIONNAIRE FOR PROSPECTIVE JURORS
1. Name (Print) - (First) (Middle) (Last)
2. Residence address -:- (Street & Number) (City) (zip)
3. Date of Birth-Sex-Occupation--
4. Do you understand the English language? -- (yes) (no)
5. Do you read and write the English language ?- -- (yes) (no)
6. Have you ever been convicted of a crime and not restored to your civil rights ? _ _ If “yes>” state nature of (yes) (no) crime, date of conviction and name of court in which convicted:
7.Are there any criminal charges pending against you of which you are aware?_If “yes,” state nature of charge and (yes) (no) name of court in which case is pending: -
8. Are you a bonded deputy sheriff?(yes) (no)
9. List any official executive office you now hold with the federal, state or county government: -
10. Is your hearing good?(yes) (no)
Is your eyesight good ?- (yes) (no)
(The court may require a medical certificate.)
11. Do you have any other physical or mental disability that would interfere with your service as a juror? -If “yes,” (yes) (no)
state nature: - (The court may require a medical certificate.)
12. Do you know of any reason why you cannot serve as a juror? _If “yes,” state reason: - (yes) (no)
13. MOTHERS AND EXPECTANT MOTHERS ONLY: Florida law provides that expectant mothers and mothers with children under eighteen years of age residing with them shall be exempt from jury duty upon their request. Do you want to be exempt under this provision? _If “yes,” what are the ages of your (yes) (no) children ?-
Signature
*417 This is not a summons for jury duty. If your name is later drawn for jury service, you will be summoned by the sheriff by registered mail or in person.
NOTE: This form does not use a caption as shown in Form 1.901. It may be headed with the designation of the jury selecting authority such as “Board of County Commissioners of Leon County, Florida” or “Pinellas County Jury Commission”.
FORM 1.984. JUROR VOIR DIRE QUESTIONNAIRE.
JURY QUESTIONNAIRE

Instructions to Jurors

You have been selected as a prospective juror. It will aid the court and help shorten the trial of cases if you will answer the questions on this form and return it in the enclosed self-addressed stamped envelope within the next two days. Please complete the form in blue or black ink and write as dark and legibly as you can.
1. Name _ First Second (or initial) Last
2. Home Address_i_
3. Years of Residence: In Florida_In This County_
4. Former Residence _
5. Marital Status: (Married, Single, Divorced, Widow or Widower) -Number of Children_
6. Your Occupation and Employer_
7. If you are not now employed, give your last occupation and employer
8.If married, name and occupation of husband or wife
9.Have you served as a juror before? _
10. Have you or any member of your immediate family been a party to any lawsuit? - If so, when and in what court?-
11. Are you either a close friend of or related to any law enforcement officer?_
12. Has a claim for personal injuries ever been made against you or any member of your family?_
13. Have you or any member of your family ever made any claim for personal injuries?-
Juror’s Signature
NOTE: This form does not have a caption as shown in Form 1.901 but should be headed with the name of the court summoning the juror.
*418 FORM 1.989. JUDGMENT DISMISSING FOR LACK OF PROSECUTION.
(a) Judgment When Motion Filed By A Party.
FINAL JUDGMENT OF DISMISSAL
This action was heard on the motion to dismiss for lack of prosecution of defendant,_The court finds that it does not affirmatively appear from filing of pleadings, order of court or otherwise for a period of one year before serving the motion that the action is being prosecuted, so
IT IS ADJUDGED that this action is dismissed for lack of prosecution, that plaintiff,_, takes nothing by this action and that defendant, _, goes hence without day.
ORDERED at -, Florida, on -, 19-
Judge
(b) Judgment On Court’s Motion.
MOTION, NOTICE AND JUDGMENT OF DISMISSAL
The court finds that it does not affirmatively appear from filing of pleadings, order of court or otherwise for a period of one year that this action is being prosecuted, so
IT IS ADJUDGED as follows:
1. Good cause shall be shown why the action should not be dismissed for lack of prosecution at least five days before the hearing set in paragraph 3.
2. The showing of good cause shall be in writing and filed in the action.
3. If a showing of good cause is filed as provided in paragraph 2, a hearing on the question shall be held on -, 19 — , at - before The Honorable -, in his chambers at the_County Courthouse in--, Florida.
4. If no showing of good cause is filed within the time specified in paragraph 1, this action shall stand dismissed for lack of prosecution without further order of court on the date specified in paragraph 3 and plaintiff, _, shall take nothing by this action and defendant, -, shall go hence without day.
ORDERED at_, Florida, on-, 19-
Judge
NOTE: This form accommodates those courts that dismiss on their own motion. It is optional and the court may follow the procedure of sending a motion and notice of hearing that is not self-executing.
*419 FORM 1.996. FINAL JUDGMENT OF FORECLOSURE.
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED that:
1. Plaintiff, -, is due $-as principal, $_ as interest to date of this judgment, $- for title search expense, $- for taxes, $-for insurance premiums and $_for attorneys’ fees with $- court costs now taxed, less $_ for undisbursed escrow funds, and less $- for unearned insurance premiums, under the note and mortgage sued on in this action making a total sum of $_
2. Plaintiff holds a lien for the total sum superior to any claim or estate of defendant, -,, on the following described property in -County, Florida:
(insert legal description)
3. If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid within three days from this date, the clerk of this court shall sell the property at public sale on _, 19_, between 11:00 A.M. and 2:00 P.M., to the highest bidder for cash, except as set forth hereinafter, at the - door of the courthouse in _ County in -, Florida in accordance with section 45.031, Florida Statutes.
4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property at the sale. If plaintiff is the purchaser, the clerk shall credit plaintiff’s bid with the total sum with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full.
5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff’s costs; second, documentary stamps affixed to the certificate; third, plaintiff’s attorneys’ fees; fourth, the total sum due to plaintiff less the items paid plus interest at the rate prescribed by law from this date to the date of the sale; and by retaining any amount remaining pending the further order of this court.
6. On filing the certificate of title defendant and all persons claiming under or against him since the filing of the notice of lis pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.
7. Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, writs of assistance and deficiency judgments.
ORDERED at_, Florida, on_, 19-
Judge
*420 NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed and proven. The form does not provide for an adjudication of junior lienors’ claims nor for redemption by the United States of America if it is a defendant.
FORM 1.995 FINAL JUDGMENT DISSOLVING MARRIAGE (DIVORCE)
FINAL JUDGMENT
This action was heard before the court. On the evidence presented
IT IS ADJUDGED THAT:
1. The bonds of marriage between petitioner, A. B., and respondent, C. D., are dissolved because the marriage is irretrievably broken.
2. The separation agreement between the parties, introduced in evidence and marked petitioner’s exhibit 1, was executed voluntarily after full disclosure and is for the best interest of the parties and is approved and incorporated in this judgment by reference and the parties are ordered to comply with it.
3. Petitioner’s maiden name is restored and she shall be known as -hereafter.
4. The custody of the minor child - of the parties is awarded to petitioner. The respondent shall have the right to visit the child_at reasonable times and places after reasonable notice to petitioner.
5. Respondent shall pay $-a week to petitioner as alimony and child support allocated as $-as alimony and $- for child support, the child support being allocated equally between the children.
6. Petitioner’s attorneys’ fees are set at $-and her court costs are taxed at $_, both of which respondent shall pay within_days.
ORDERED at_, Florida, on-, 19-
Judge
NOTE: Paragraphs 2, 3, 4, 5 and 6 are various alternatives and should be used as the circumstances require. Ordinarily, paragraph 2 or paragraphs 4, 5 and 6 will be used, depending on the situation. The form is designed as a judgment in favor of the petitioner wife and if the husband is petitioner or the decision of the court is not in favor of the petitioner wife, the form must be varied to meet these circumstances. Paragraph 4 must be varied if the custody is split or visitation rights are specifically adjudicated. Paragraph 5 must be varied in accordance with the factual situation. Material portions of any property settlement should be included in the final judgment.