NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GEICO GENERAL INSURANCE )
COMPANY, )
                                 )
       Petitioner, )
                                 )
v. )        Case No. 2D14-5903
                                 )
ANNIE LEPINE, as personal representative )
of THE ESTATE OF WILLIAM LEPINE; )
and ANNIE LEPINE, individually, )
                                 )
       Respondent. )
_____ )

Opinion filed September 9, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; William P.
Levens, Judge.

T.R. Unice, Jr. and Jeffrey D. Jensen of
Unice Salzman Jensen, P.A., Trinity, for
Petitioner.

James M. Ragano of A Bales Professional
Association, St. Petersburg, for
Respondent.

LaROSE, Judge.

        GEICO General Insurance Company (GEICO) petitions for certiorari

review of the trial court's order denying its motion to dismiss count III of Annie Lepine's

complaint, on behalf of her husband's estate and herself, against GEICO and Robert Taylor, the auto-accident tortfeasor whom GEICO insured. We have jurisdiction. Fla. R. App. P. 9.030(b)(2)(A). Because the trial court improperly refused to dismiss count III, we grant the petition.

Ms. Lepine alleged that GEICO, as agent for its insured, Mr. Taylor, agreed to pay policy limits of $100,000 to Ms. Lepine. She alleged that the agreement was confirmed in a voicemail message and in a telephone conversation between a GEICO representative and her counsel. Allegedly, GEICO later refused to pay up. As a result, Ms. Lepine sued Mr. Taylor and GEICO. In count I, she alleged that Mr. Taylor operated a motor vehicle negligently in a manner likely to cause injury or death to her now-deceased husband, William. In count II, she stated a cause of action for the wrongful death of her husband. Count III, against GEICO, alleged a breach of contract claim for refusing to pay policy limits to settle the lawsuit. Count IV asserted a similar breach-of-contract claim against Mr. Taylor for GEICO's refusal to pay policy limits.

GEICO moved to dismiss claim III, contending that the nonjoinder statute barred Ms. Lepine's direct action against GEICO. The nonjoinder statute, section 627.4136, Florida Statutes (2014), provides, in part, as follows:

> Nonjoinder of insurers.—
> (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such a person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a <u>cause of action which is covered by such policy</u>.
> . . . .
> (4) At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer

> may be joined as a party defendant for the purposes of
> entering final judgment or enforcing the settlement . . . .

(Emphasis added.)  More simply put,

> [u]nder the nonjoinder statute, an injured third party may not
> file a direct action against a liability insurer for a cause of
> action covered by a liability insurance policy without first
> satisfying either one of two conditions precedent: (1)
> obtaining a settlement against the insured or (2) obtaining a
> verdict against the insured.

Hazen v. Allstate Ins. Co., 952 So. 2d 531, 534 (Fla. 2d DCA 2007).  The purpose of the

nonjoinder statute is straightforward: "to ensure that the availability of insurance has no

influence on the jury's determination of . . . damages."  Gen. Star Indem. Co. v. Boran

Craig Barber Engel Constr. Co., 895 So. 2d 1136, 1138 (Fla. 2d DCA 2005).

Denying GEICO's motion to dismiss, the trial court, citing Hazen,

concluded that count III was "tantamount to a motion to enforce a settlement," a claim

not barred by the nonjoinder statute.  Proper application of Hazen, however, compels

the opposite result and leads us to grant the petition.

The facts in Hazen are similar to those presented by Ms. Lepine.  Ms.

Hazen was in an automobile accident with a negligent driver insured by Allstate.

Hazen, 952 So. 2d at 533.  Allstate contacted Ms. Hazen and orally agreed to repair her

car.  Unfortunately, the attempted repairs were inadequate and the car was not drivable.

Id. at 533-34.  Allstate refused to pay for the diminished value of the car.  Ms. Hazen

sued Allstate for breach of the oral contract.  Id. at 534.  She had not obtained a verdict

against or settlement with Allstate's insured.  Id.

On appeal, we addressed whether the nonjoinder statute barred Ms.

Hazen's action against Allstate.  Id.  In doing so, we discussed Howton v. State Farm

- 3 -

Mutual Automobile Insurance Co., 507 So. 2d 448 (Ala. 1987), which also involved

similar facts. Howton observed that:

> the rule prohibiting direct actions against the insurer has no
> application where the insurer undertakes a new and
> independent obligation directly with a nonparty to the
> insurance contract in its efforts to negotiate a settlement of
> the third party's claim. Indeed, an insurance carrier is no
> less liable under the law for the breach of its own contract
> obligations or for its own tortious conduct than is any other
> party.

Howton, 507 So. 2d at 450-51 (emphasis added); Hazen, 952 So. 2d at 539 (quoting

Howton). Thus, the Alabama court allowed Mr. Howton's third-party direct action

against Allstate under a "new and independent obligation" theory. Hazen, 952 So. 2d at

538-39. The court held that because the nonjoinder statute applies only to a cause of

action covered by the insurance contract, it does not bar a third-party direct action

against the insurer on an obligation that is independent of the insurance contract.

Howton, 507 So. 2d at 450-51.

In Hazen, we rejected Howton's reasoning as "unsound." Hazen, 952 So.

2d at 539. We upheld the trial court's dismissal of Ms. Hazen's claim against the

insurer. Id. at 540. We also held that "[a] presuit undertaking or agreement between an

injured third party and an insurer about the adjustment of a claim does not satisfy the

alternative condition precedent of settlement described in . . . nonjoinder statute

because it does not occur within the course of pending litigation in which the insured is

already a party." Id. at 538. We held that a presuit agreement was not a new and

independent obligation because the insurance contract was the only reason the insurer

had to deal with the third party; "there was no legal ground upon which the insurer could

be deemed to have acted 'independently' of its insured." Id. at 539. Also noteworthy,

we pointed out that there could be no new and independent obligation because "there was no consideration for the alleged agreement by the insurer to assume an obligation to the plaintiffs." Id. The same is true here.

Section 627.4136(4) allows the insurer to be joined as a party defendant only "[a]t the time a judgment is entered or a settlement is reached during the pendency of litigation . . . for the purposes of entering final judgment or enforcing the settlement." To allow Ms. Lepine to join GEICO now, before a jury verdict against or settlement with Mr. Taylor, invites the very situation that the nonjoinder statute seeks to avoid: the jury's knowledge that insurance proceeds are available could taint the jury's verdict. See Hazen, 952 So. 2d at 540. To remain faithful to the text and purpose of the nonjoinder statute, we must insist that Ms. Lepine not join GEICO as a party defendant until she obtains either a judgment against or a settlement with Mr. Taylor, GEICO's insured.

The trial court's refusal to dismiss count III departed from the essential requirements of the law, resulting in material and irreparable harm to GEICO for the remainder of the case. Therefore, we grant the petition for writ of certiorari.

Petition granted.


NORTHCUTT and MORRIS, JJ., Concur.