# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ILLINOIS UNION INSURANCE COMPANY,

Petitioner,

v.

MEGAN McGINLEY; THE VUE PASCO, LLC d/b/a THE VIEW
GENTLEMEN'S CLUB; PASCO INVESTMENTS, INC.; RSG
SPECIALTY LLC d/b/a R-T SPECIALTY, LLC; COAST TO
COAST COMMERCIAL INSURANCE, INC.; SUSAN MORGAN;
and JOSE ARAZO,

Respondents.

No. 2D2023-2260

_____

January 3, 2025

Petition for Writ of Prohibition to the Circuit Court for Pasco County;
Declan P. Mansfield, Judge.

Matthew J. Conigliaro of Carlton Fields, P.A., Tampa; and Sina
Bahadoran and Michele A. Vargas of Clyde & Co US, LLP, Miami, for
Petitioner.

William G. Wolk of Eaton & Wolk, PL, Miami; and Edward H. Zebersky of
Zebersky Payne Shaw Lewenz, LLC, Fort Lauderdale, for Respondents
Megan McGinley, Susan Morgan, Jose Arazo, individually and as
assignees of The Vue Pasco, LLC.

Tricia Julie Duthiers of Liebler, Gonzalez & Portuondo, Miami, for
Respondent Coast to Coast Commercial Insurance, Inc.

No appearance for remaining Respondents.

CASE, JAMES R., Associate Senior Judge.

Illinois Union Insurance Company petitions this court for a writ of prohibition or, in the alternative, a writ of certiorari, directed at a postjudgment order denying its motions to dismiss in two related cases. As we now explain, we grant the petition for writ of prohibition.[1]

## BACKGROUND

The order on review involves two cases below that the parties and trial court have treated as consolidated. Both cases involve materially overlapping if not identical parties, counsel, claims, and procedural histories. Both arise from the same vehicle accident, and the same judge entered a single order covering both cases after a single hearing on both. In the absence of any suggestion that they should now be decoupled, we follow the parties' and the trial court's leads in treating them together.

Both cases were initiated in 2021 against three defendants: Pasco Investments, Inc.; The Vue Pasco, LLC d/b/a The Vue Gentleman's Club; and James Dato. Both suits alleged that The Vue had served alcohol to a patron it knew to be habitually addicted to its use, who thereafter was involved in a motor vehicle accident causing the plaintiffs serious and permanent personal injuries. Both complaints asserted three counts: one negligence claim for personal injuries against each defendant.

In both cases, final judgments were entered on all claims on the same day, one minute apart. The final judgments track one another in substance, although they differ in amount. Both state they are

_____

[1] In light of this disposition, we need not—and do not—reach the alternative issue of how certiorari might apply in this case.

2

"[p]ursuant to the Amended Consent Settlement Agreement" entered the prior day between their respective parties.

Both final judgments continue:

> Pursuant to the Amended Consent Settlement Agreement, this Final Judgment shall not be certified against THE VUE PASCO, LLC, but shall constitute a lien or encumbrance against Illinois Union Insurance Company under [Policy number] or the proceeds therefrom, which are or should have been applicable to the cause of action asserted by the Plaintiff[s] herein and for which execution, garnishment, or other appropriate legal process against such insurer, insurance policies, or the proceeds thereof, may issue forthwith.

> This Court retains jurisdiction to enforce the terms of the Final Judgment, the Consent Settlement Agreement and the Amended Consent Settlement Agreement and to preside over the continuing litigation against Illinois Union Insurance Company pursuant to Florida Statute § 627.4136 . . . . Plaintiffs are further granted leave to file an amended complaint asserting claims against Illinois Union Insurance Company . . . .

Despite the final judgments' references to "the continuing litigation against Illinois Union," Illinois Union was not a party in either case, nor had any claim been asserted against it. Further, no parties had filed any motions for leave to amend—neither to assert claims, nor add parties, nor otherwise. No proposed amended pleadings were filed, either.

Nonetheless, the next day, amended complaints were filed in both cases as contemplated in the judgments. Both of the new complaints retained the same claims that the court had just reduced to final judgments. They also now included several new claims against Illinois Union, including breach of contract, bad faith, and declaratory relief.

Having now been named for the first time after the entry of final judgment, Illinois Union moved to dismiss in both cases. Among other grounds, it asserted that the court lacked jurisdiction to allow a new

3

complaint against the insurer in these same personal injury cases after it had resolved all pleaded claims and had fully concluded the judicial labor by entering final judgment against all alleged tortfeasors.

In response, the plaintiffs' consolidated opposition asserted that the trial court had such jurisdiction because it said so in the judgments. They also contended that the Florida Supreme Court "precisely" authorized this procedure in *Fridman v. Safeco Insurance Co. of Illinois*, 185 So. 3d 1214 (Fla. 2016). Even though the final judgments expressly cite section 627.4136, Florida Statutes (2023), as the authority for the court's ruling, the plaintiffs maintained that statute "does not apply" to their claims.

After a hearing, the court entered the order on review, denying Illinois Union's motions to dismiss in both cases but abating the bad faith claims. This petition followed.

## ANALYSIS

This petition requires us to consider whether, in entering final judgment on all pleaded claims, a trial court has authority to "retain" jurisdiction to hear new, yet-unpleaded claims raising new and distinct legal issues against nonparties. More specifically, the question is whether, upon resolving all counts in a suit alleging only personal injury claims, the trial court may "retain" jurisdiction to hear new insurance claims against a nonparty insurer in the same case number.

Although neither the parties nor our own independent research have identified any published Florida decisions where a court ruled on this particular question, the resolution here is merely a straightforward application of longstanding legal principles. Because courts cannot create jurisdiction—by retaining it or otherwise—the answer to the question presented is no.

4

<u>Prohibition</u>

"Prohibition is an extraordinary writ by which a superior court may prevent an inferior court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction." *Baden v. Baden*, 260 So. 3d 1108, 1111 (Fla. 2d DCA 2018) (quoting *Mandico v. Taos Constr., Inc.*, 605 So. 2d 850, 853 (Fla. 1992)).

"The writ is available to prevent the improper exercise not only of subject-matter jurisdiction, but so-called 'continuing jurisdiction' (also termed 'case jurisdiction' or 'procedural jurisdiction') as well." *Padron v. Padron*, 356 So. 3d 306, 307 (Fla. 3d DCA 2023) (quoting *Renovaship, Inc. v. Quatremain*, 208 So. 3d 280, 283 n.6, 287 (Fla. 3d DCA 2016)); *see also Kozel v. Kozel*, 302 So. 3d 939, 945 (Fla. 2d DCA 2019) ("[C]ontinuing jurisdiction refers to a trial court's jurisdiction to act in a case over which it had subject matter jurisdiction, but which it finally resolved with the entry of a judgment.").

Consequently, where we are called to consider "the power of the court over a particular case that is within its subject matter jurisdiction," such that "the issue is whether the trial judge . . . still has the power to preside over this particular dispute between the parties," then "[a] writ of prohibition is the proper claim for relief." *Tobkin v. State*, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001); *see also Padron*, 356 So. 3d at 307 ("It is apodictic that a 'writ of prohibition is the appropriate remedy to prevent a trial court from proceeding in a cause over which it no longer has jurisdiction.' " (quoting *Renovaship*, 208 So. 3d at 282 n.1)).

<u>Jurisdiction</u>

"The jurisdiction of the circuit courts is set forth in article V, section 5, of the Florida Constitution." *Dr. Emanuel Kontos, D.M.D., P.A. v. Menz*, 136 So. 3d 714, 716 (Fla. 2d DCA 2014) (citing art. V, § 5(b),

Fla. Const.).  We have articulated that this section "is a constitutional limit on the authority of any body <u>other than the legislature</u> to confer jurisdiction on the state's circuit courts."  *Id.* at 716-17 (quoting *Pleasures II Adult Video, Inc. v. City of Sarasota*, 833 So. 2d 185, 189 (Fla. 2d DCA 2002)); *see also Rinella v. Abifaraj*, 908 So. 2d 1126, 1129 (Fla. 1st DCA 2005) ("Subject matter jurisdiction, which arises only as a matter of law, cannot be created by waiver, acquiescence or agreement of the parties, by error or inadvertence of the parties or their counsel, <u>or by the exercise of the power of the court</u>." (emphasis added) (quoting *Seven Hills, Inc. v. Bentley*, 848 So. 2d 345, 350 (Fla. 1st DCA 2003))).

Nearly a century ago, the Florida Supreme Court explained the limited scope of a court's authority to exercise its jurisdiction:

> The jurisdiction and power of a court remain at rest until called into action by some suitor; it cannot by its own action institute a proceeding sua sponte.  The action of a court must be called into exercise by pleading and process, prescribed or recognized by law, procured or obtained by some suitor by filing a declaration, complaint, petition, cross-bill, or in some form requesting the exercise of the power of the court.

*Lovett v. Lovett*, 112 So. 768, 775-76 (Fla. 1927).  Thus, the boundaries of a court's jurisdiction are limited by the pleadings in the action.  *See, e.g., Mullne v. Sea-Tech Constr., Inc.*, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012) ("[T]he trial court was without jurisdiction to award relief that was not requested by the complaint."); *Fine v. Fine*, 400 So. 2d 1254, 1255 (Fla. 5th DCA 1981) ("The jurisdiction of the court can be exercised only within the scope of the pleadings in the action.").

Under this longstanding framework, "[i]t is well-settled that after a final, appealable order is entered by the trial court, the court's jurisdiction to enter additional rulings is limited, and decreases as time progresses."  *Franklin v. Bank of Am., N.A.*, 202 So. 3d 923, 926 (Fla. 1st

6

DCA 2016). Thus, upon entry of final judgment, the court's "jurisdiction over that action is terminated, except that it retains continuing jurisdiction to enforce its judgment." *Kozel*, 302 So. 2d at 945.

During the rehearing period, a court retains continuing jurisdiction over the case, but if "the rehearing mechanism is not triggered by the service of a timely motion, then '[i]t is the established law of this state that a trial court loses jurisdiction of a case at the expiration of the time for filing a petition for rehearing . . . .' " *Franklin*, 202 So. 3d at 926 (alteration in original) (quoting *Pruitt v. Brock*, 437 So. 2d 768, 772-73 (Fla. 1st DCA 1983)). "If no motion for rehearing is filed, and no appeal taken, then only the 'third mechanism' to obtain review by the trial court of its order—motion for relief from judgment or order, pursuant to rule 1.540, Florida Rules of Civil Procedure—is available." *Id.* (quoting *Pruitt*, 437 So. 2d at 773).

Of course, Florida law is also well settled that trial courts may retain jurisdiction in the final judgment to address specific matters. In addition to "ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues," a trial court also "retains jurisdiction to the extent such is specifically reserved in the final judgment or as otherwise provided by statute or rule." *Mich Auto Sales Inc. v. 14004 NW 19th Ave., LLC*, 347 So. 3d 438, 439-40 (Fla. 3d DCA 2022) (first quoting *Wolfe v. Newton*, 310 So. 3d 1077, 1081 (Fla. 2d DCA 2020); and then quoting *Maya v. Deutsche Bank Nat'l Tr. Co.*, 264 So. 3d 1076, 1078 (Fla. 3d DCA 2019)).

In that regard, Florida Rule of Civil Procedure 1.110(h) expressly contemplates "pleadings subsequent to final judgment." That rule "cover[s] situations . . . arising in divorce judgment modifications and other similar circumstances where a party seeks not to enforce the terms

7

of a pending judgment but rather a change in the status quo." *Cuartas v. Cuartas*, 951 So. 2d 980, 982 (Fla. 3d DCA 2007) (citing *In re Fla. Rules of Civ. Proc.*, 253 So. 2d 404, 408 (Fla. 1971)).  By its plain language, the rule applies only "[w]hen the nature of an action permits . . . and the jurisdiction of the court over the parties has not terminated."  Fla. R. Civ. P. 1.110(h).

This Case

Here, the plaintiffs seek to uphold the ruling primarily on the basis that the trial court "expressly retained jurisdiction over the anticipated coverage litigation against Illinois Union" in the final judgments.

But plainly, in order to "retain" something in this context, it must have already been possessed in the first place.  *See Retain, Black's Law Dictionary* (12th ed. 2024) ("To hold in possession or under control; to keep and not lose, part with, or dismiss.").  Absent then-existing jurisdiction over litigation that the plaintiffs admit was only "anticipated," the court's statement purporting to "retain" such jurisdiction was legally ineffective.  *Cf. DiPaolo v. Rollins Leasing Corp.*, 700 So. 2d 31, 32 (Fla. 5th DCA 1997) ("A pending motion to amend does not extend the trial court's jurisdiction after entry of final judgment, and the court's reserving consideration of that issue until a later time does not change that fact.").

A court's settled authority to apportion issues in dispute for later resolution cannot sweepingly displace the foundational limitations on its jurisdiction.  A final judgment is not a platform to acquire jurisdiction over new parties never named and new disputes never pleaded.  The complex constitutional and legislative framework bestowing upon courts jurisdiction over only limited disputes and circumstances would not be

8

worth much if courts could, after concluding the litigation pursuant to those limitations, proceed to topple them at will by edict.

The plaintiffs assert "[t]his precise issue was addressed" in *Safeco Insurance Co. of Illinois v. Beare*, 152 So. 3d 614 (Fla. 4th DCA 2014). But we cannot see where. That opinion nowhere mentions that a final judgment was entered in that case, whereas here the entry of final judgment is a key factor in our analysis. Further, the *Beare* court expressly considered only a ruling abating a bad faith claim, not a ruling purporting to authorize coverage litigation against a nonparty postjudgment as we have here. *See id.* at 615-17.

As they did below, the plaintiffs also rely on *Fridman*, 185 So. 3d at 1230, asserting that there the supreme court "approv[ed]" the trial court's actions here. But again, that case is materially distinguishable. There, the insurer was named as a defendant from the inception of the litigation—unlike here, where the insurer was not made a party until after entry of final judgment. *Id.* at 1216. Further, in *Fridman* the claims expressly concerned the policy of insurance and the complaint sought an excess judgment for bad faith, whereas here the claims sounded in negligence and did not involve the policy. *Id.* at 1216-17.

The plaintiffs urge us to disregard these key differences and instead focus myopically on a sentence in *Fridman* saying that "first-party bad faith claims under section 624.155 should be treated in the same manner as third-party bad faith claims." *Id.* at 1221. But there, the court was expressly addressing the damages available for those claims, not impliedly dispensing with settled limitations on jurisdiction. *Id.*

Rather, we find our decision in *Travelers Casualty & Surety Co. of America v. Sidman*, 103 So. 3d 900 (Fla. 2d DCA 2012), to be instructive here. Although in that case the trial court's ruling allowing a new

9

complaint occurred outside the rehearing period, whereas the court here did so in the final judgment itself, *Sidman* expressly recognizes that time is not the only limitation on the court's jurisdiction.

In *Sidman,* after the parties settled claims alleging violation of deed restrictions and slander of title, the trial court entered a judgment that "reserved jurisdiction to enforce its collection and compliance with the terms of the settlement agreement." *Id.* at 901. Later, Sidman moved to amend the pleadings to add a third-party indemnification claim against Travelers. *Id.* The trial court granted that motion and denied Travelers' motion to dismiss the resulting complaint. *Id.*

On Travelers' petition, we said the question was "whether the circuit court in this case had jurisdiction to allow the filing of the amended third-party complaint after entry of the consent judgment." *Id.* at 902. Because the trial court permitted the new complaint after the consent judgment and the expiration of the time for rehearing, we held that "the circuit court exceeded its jurisdiction by allowing the filing." *Id.*

In so holding, we also expressly rejected the argument that the court had jurisdiction based on its reservation in the judgment:

> Sidman argues that the circuit court had jurisdiction to proceed based on its reservation of jurisdiction to enforce collection of the consent judgment. However, the amended third-party complaint is not an enforcement action against the Association on its obligation to pay under the consent judgment. Instead, the amended third-party complaint seeks relief from a third party that was not joined in the proceedings below based on its obligations under an insurance contract. The contract was not at issue in the proceedings that had taken place. The filing of a third-party complaint in these circumstances is a nullity.

*Id.* (citing *Liberty Ins. v. Milne*, 98 So. 3d 613, 614 (Fla. 4th DCA 2012)).

So too here. The new claims do not seek to enforce either judgment. Rather, they are new insurance claims against an insurer

10

who was not previously named in the personal injury cases, based on a contract that was not at issue in the legally distinct underlying litigation. *Cf. Merchs. & Businessmen's Mut. Ins. v. Bennis*, 636 So. 2d 593, 595 (Fla. 4th DCA 1994) ("[T]hese claims, one a tort action against the insured, and the other an insurance policy coverage action, are essentially unrelated and constitute separate and distinct legal actions.").

The nonjoinder statute, section 627.4136, does not change the result here. Perplexingly, below and on appeal, the plaintiffs have repeatedly contended that the nonjoinder statute "does not apply" to their claims. But that was the only authority the trial court cited for its purported retention of jurisdiction, the pronouncement of which the plaintiffs claim is dispositive. The plaintiffs have declined to explain how that statute can simultaneously be (i) the court's stated basis for its novel retention of jurisdiction and, also, (ii) not applicable in this case.

Regardless, we have explained that "[t]he purpose of the nonjoinder statute is straightforward: 'to ensure that the availability of insurance has no influence on the jury's determination of [the insured's liability and] damages.' " *GEICO Gen. Ins. v. Lepine*, 173 So. 3d 1142, 1145 (Fla. 2d DCA 2015) (quoting *Gen. Star Indem. Co. v. Boran Craig Barber Engel Constr. Co.*, 895 So. 2d 1136, 1138 (Fla. 2d DCA 2005)); *see also State Farm Fire & Cas. Co. v. Nail*, 516 So. 2d 1022, 1022 (Fla. 5th DCA 1987) (explaining that the nonjoinder statute "reflects the public policy that an injured person has no beneficial interest in a liability policy prior to obtaining a judgment against an insured under that policy").

To that end, the plain language of "[s]ection 627.4136(4) allows the insurer to be joined as a party defendant only '[a]t the time a judgment is entered or a settlement is reached during the pendency of litigation . . . for the purposes of entering final judgment or enforcing the settlement.' "

11

*Lepine*, 173 So. 3d at 1145 (second alteration in original) (emphasis added) (quoting § 627.4136(4)); *see also GEICO Gen. Ins. v. Harvey*, 109 So. 3d 236, 238 (Fla. 4th DCA 2013) ("Once a settlement or verdict has been obtained against the insured, subsection (4) of [section 627.4136] permits joinder of the insurer solely 'for the purposes of entering final judgment or enforcing the settlement.' " (emphasis added) (quoting § 627.4136(4))).

By the judgments' own terms, that is manifestly not what occurred here; Illinois Union was not joined at the time of the judgments, nor was its joinder for the purposes of entry or enforcement. Rather, the insurer was named postjudgment for the purpose of bringing new and distinct substantive claims. Thus, the court's stated reliance on the nonjoinder statute was misplaced. *Cf. Milne*, 98 So. 3d at 613-14 (granting prohibition, barring trial court's further exercise of jurisdiction over third-party bad-faith complaint against insurer who "was not then a party for any purpose other than the nonjoinder statute").

At bottom, we are not aware of any statute, rule of procedure, or judicial decision permitting the trial court to rule as it did here. In the absence of any such authority, the court acted beyond the scope of its jurisdiction in allowing these new claims.

We accordingly grant the petition, quash the order on review, and prohibit the trial court from asserting jurisdiction over the new claims. Our decision is without prejudice to the plaintiffs' bringing their new claims in separate and independent suits. *See Sidman*, 103 So. 3d at 902; *Milne*, 98 So. 3d at 616.

Petition for writ of prohibition granted.

LaROSE and LABRIT, JJ., Concur.

12

Opinion subject to revision prior to official publication.