ROBERT P. SMITH, Jr., Judge.
Appellant sued her automobile insurer for uninsured motorist coverage benefits of $50,000, the limit of appellant’s liability coverage. The insurer answered that appellant’s uninsured motorist benefits were $15,000 only, as shown by the policy. Appellant filed a purported reply saying she wasn’t given an opportunity to purchase uninsured motorist coverage equal to her liability coverage. After summary judg *1076 ment was entered for the insurer, there being no doubt that the policy was written for only $15,000 of uninsured motorist benefits, appellant timely sought rehearing, Fla.R.Civ.P. 1.530, and an opportunity to amend her complaint, Fla.R.Civ.P. 1.190, to seek reformation of the policy for the insurer’s asserted failure to offer uninsured motorist coverage equal to appellant’s liability limits. That relief was denied.
A motion for rehearing and for leave to amend after entry of an adverse summary judgment, though permissible under the rules, is at best a precarious practice. Roberts v. Braynon, 90 So.2d 623 (Fla.1956); Inman v. The Club on Sailboat Key, Inc., 342 So.2d 1069 (Fla. 3d DCA 1977). Yet considering the limitations on summary judgments and this plaintiff’s prior allegations in the purported reply to the insurer’s answer, the timely motion for leave to amend should have been granted. If on remand plaintiff amends and ultimately prevails, no award on account of attorney’s fees will be made for this appeal.
REVERSED.
SHIVERS, J., concurs.*
MILLS, J., dissents.*