422 So.2d 18 (1982)
CITY OF ST. PETERSBURG, Florida, a Municipal Corporation, Petitioner,
v.
The CIRCUIT COURT OF the SIXTH JUDICIAL CIRCUIT and the Honorable David Seth Walker, As Circuit Judge Thereof, Respondents.
No. 82-1372.
District Court of Appeal of Florida, Second District.
July 14, 1982.
*19 Michael S. Davis, City Atty., and William N. Drake, Jr., Asst. City Atty., St. Petersburg, for petitioner.
Gerald R. Colen of Devito & Colen, St. Petersburg, for Lillie M. Johnson.
GRIMES, Acting Chief Judge.
The City of St. Petersburg seeks to prohibit the trial court from further entertaining jurisdiction on Lillie M. Johnson's negligence claim against the city.
The several parties in the litigation have filed numerous pleadings, but for the purpose of resolving this petition it is sufficient to note the following. Mrs. Johnson sued Ms. Williams and the city as well as other defendants in negligence for causing the death of her husband, and Ms. Williams filed a cross-claim against the city. The court dismissed Mrs. Johnson's first amended complaint against the city with prejudice. Mrs. Johnson did not appeal this order. Eleven months later and while the suit was still pending against the other defendants, Mrs. Johnson filed a motion to amend her first amended complaint so as to once again sue the city in negligence, albeit upon more comprehensive allegations. The court granted the motion to amend, thereby reinstating Mrs. Johnson's claim against the city.
The city contends that once Mrs. Johnson's first amended complaint against it was dismissed with prejudice and no appeal was taken, the court lost jurisdiction to further entertain Mrs. Johnson's claim against it. Mrs. Johnson argues that because Ms. Williams' cross-claim against the city remains pending on the same issue, the court has jurisdiction to reinstate the similar claim against the city now asserted by Mrs. Johnson.
When a court's jurisdiction over the subject matter is terminated, prohibition is the proper remedy to prevent further action from being taken. State ex rel. Huntley Bros., Inc. v. Gooding, 149 So.2d 55 (Fla. 1st DCA 1963); State ex rel. Seaboard Air Line R. Co. v. Kehoe, 133 So.2d 459 (Fla. 3d DCA 1961). Therefore, this case turns on whether the court lost jurisdiction to further entertain the claim of Mrs. Johnson against the city when the time for obtaining a rehearing or taking an appeal from the order dismissing that claim with prejudice expired.
An order dismissing a plaintiff's claim against one defendant with prejudice is a final appealable order even though the plaintiff's claim against another defendant remains pending. Donin v. Goss, 69 So.2d 316 (Fla. 1954); Let's Help Florida v. DHS Films, 392 So.2d 915 (Fla. 3d DCA 1980); Logan v. Flood, 346 So.2d 1243 (Fla. 1st DCA 1977). We cannot see how the fact that Ms. Williams' cross-claim in negligence against the city remains pending could make the order dismissing Mrs. Johnson's claim any less appealable.
Accordingly, prohibition is hereby granted. The trial court is directed to quash the purported order permitting the filing of the amendment to the first amended complaint against the city. We assume it will not be necessary to issue the writ.
CAMPBELL and SCHOONOVER, JJ., concur.