419 So.2d 1180 (1982)
DERMA LIFT SALON, INC., a Florida Corporation, B.G. Gross, M.D., and Francis Maschek, Petitioners,
v.
Honorable Edward SWANKO, Acting Circuit Court Judge, of the Eleventh Judicial Circuit, Respondent.
No. 82-1767.
District Court of Appeal of Florida, Third District.
October 5, 1982.
Harvey Richman, Miami Beach, for petitioners.
No appearance for respondent.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The petitioners, who are defendants below in a medical malpractice action, contend that the trial court, having entered a final order dismissing the action and denied rehearing thereon, lost jurisdiction over the action and should be prohibited from the further exercise of jurisdiction. The remedy they seek is appropriate. City of St. Petersburg, Florida v. The Circuit Court of the Sixth Judicial Circuit (Fla. 2d DCA 1982) (Case No. 82-1372, opinion filed July 14, 1982); State v. Gooding, 149 So.2d 55 (Fla. 1st DCA 1963).
On May 11, 1982, the trial court entered an order dismissing without prejudice an action brought by the plaintiff, Maria Oshiro, as personal representative of the estate of Jose Oshiro. The basis of the dismissal was that the plaintiff had persistently and continuously failed to comply with rules of discovery and orders of the court to enforce discovery. Plaintiff's timely motion for rehearing of this order of dismissal was denied on July 19, 1982. On July 20, 1982, the plaintiff filed a motion to set aside the order denying rehearing. On August 18, 1982, the trial court vacated the order denying rehearing and, sub silentio, vacated the order of dismissal by ordering that the "litigation is reinstated and reopened and Plaintiff may go forward with this cause of action."
The trial court's order of dismissal entered May 11, 1982, albeit "without prejudice," was a final appealable order, Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), subject to the *1181 further jurisdiction of the trial court only upon a timely filed motion for rehearing under Florida Rule of Civil Procedure 1.530, see Snyder v. Gulf American Corporation, 224 So.2d 405 (Fla. 2d DCA 1969), or on its own initiative within the time allowed for a rehearing motion. When the plaintiff's motion for rehearing was denied by the trial court on July 19, 1982, the trial court's jurisdiction over the cause terminated.[1]City of St. Petersburg, Florida v. The Circuit Court of the Sixth Judicial Circuit, supra. See Nahoom v. Nahoom, 341 So.2d 257 (Fla. 3d DCA 1977); State v. Gooding, supra.
Accordingly, the petition for writ of prohibition is granted. The trial court is directed to quash its order of August 18, 1982, and to reinstate the order of dismissal. We assume it will not be necessary to issue the writ.
NOTES
[1] The plaintiff's motion to set aside the order denying rehearing contained no allegations which could arguably bring it within Florida Rule of Civil Procedure 1.540.