700 So.2d 31 (1997)
John DiPAOLO, Appellant,
v.
ROLLINS LEASING CORPORATION, Appellee.
No. 96-3367.
District Court of Appeal of Florida, Fifth District.
August 29, 1997.
Rehearing Denied October 6, 1997.
Donald D. Hockman, of Hockman & Hockman, Winter Park, for Appellant.
Robert D. Keough and Timothy W. Weber, of Woolfolk, Keough & DuBose, P.A., Orlando, for Appellee.
HARRIS, Judge.
John DiPaolo filed his initial complaint against Rollins Leasing Corporation in 1994. It contained a single count sounding in negligence. Some two years later, after discovery was completed and just before a hearing on defendant's motion for summary judgment, DiPaolo moved to amend his complaint to add additional counts. His motion was not noticed for hearing at the time of the hearing *32 on summary judgment. The trial court granted the motion as it related to the negligence count and entered summary final judgment on that count, but reserved ruling on the motion to amend until it was properly scheduled.
The ten-day time for a motion for a rehearing expired, as well as the thirty-day period for an appeal, without DiPaolo seeking any action on his motion to amend the complaint or filing a notice of appeal of the summary judgment. Some months later there was a hearing on his motion to amend, and the court denied the motion. DiPaolo has filed this appeal contesting both the granting of the summary final judgment and the denial of his motion to amend.
We dismiss the appeal. Once the summary judgment was entered disposing of the only action properly before the court as to Rollins, and the time for filing a petition for rehearing or a motion for new trial and the appeal period has run, there was no action remaining before the trial court on which to base an amendment even if the court had seen fit to permit one. A pending motion to amend does not extend the trial court's jurisdiction after entry of final judgment, and the court's reserving consideration of that issue until a later time does not change that fact. We agree with the Fourth District's holding in City of Boca Raton v. Ross Hofmann Associates, Inc., 501 So.2d 72 (Fla. 4th DCA 1987):
After entry of summary final judgment for appellant and denial of appellee's motion for rehearing, the trial court granted appellee's previously filed motion to amend its complaint. We reverse on the ground that the court lost jurisdiction and had no authority to permit an amendment to the complaint after denial of rehearing. Florida National Bank v. Domanska, 486 So.2d 1384 (Fla. 3d DCA 1986). See also Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla.1970). A contrary rule, that finality awaits ruling upon a previously-filed motion to amend the pleadings, would introduce into judicial proceedings an element of uncertainty that would be detrimental to litigants and disruptive of the judicial process. Neither procedural nor substantive due process requires such a result.
As we stated in Seddon v. Harpster, 438 So.2d 165, 168 (Fla. 5th DCA 1983):
Once a final judgment has been rendered and the time for filing a petition for rehearing or motion for new trial has passed the court loses all jurisdiction over the cause other than to see that proper entry of the judgment or decree is made and that the rights determined and fixed by it are properly enforced.
DISMISSED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents, with opinion.
W. SHARP, Judge, dissenting.
The appellate rules, combined with the actions of the trial judge in this case, created a jurisdictional trap into which the appellant has fallen. I would struggle to avoid that result. It should always be our goal to give every person coming before the court their "day in court."
In my view, City of Boca Raton v. Ross Hofmann Associates, Inc., 501 So.2d 72 (Fla. 4th DCA 1987), can be distinguished from this case. There, the trial court granted final summary judgment and denied rehearing, without mentioning or ruling on appellee's previously filed motion to amend its complaint. After the final judgment was rendered, it granted appellee's motion to amend. The appellate court ruled the trial court had lost jurisdiction to grant appellee's motion to amend.
In this case, the trial court granted final summary judgment on the negligence count on July 12, 1996. Prior to that time, appellant in this case had filed a motion for leave to file an amended complaint, to add a strict liability count, and a breach of warranty count. That motion was pending at the time the summary judgment order was rendered, as in City of Boca Raton. However, in this case, simultaneously with the summary judgment and in the same order, the trial court expressly and specifically reserved jurisdiction to hear argument on the appellant's motion to amend at a later time.
*33 Had the trial court made such a ruling one day or one minute before granting summary judgment, in my view, it would have made the summary judgment nonfinal and not appealable until the motion to amend was dealt with. I would analogize that situation with cases in which a complaint is dismissed or summary judgment granted with leave to amend.[1] Had the trial judge granted the motion to amend, instead of reserving jurisdiction, the summary judgment would not have been final or appealable.[2] I would treat a simultaneous ruling similarly, since by definition, simultaneous means neither event happened before or after the other, so at the time of the final summary judgment the court had not fully disposed of the case.
Finally, I disagree that the trial court was correct in disallowing the appellant's motion to amend on the ground (argued by appellee and adopted by the trial court) that the remedies of strict liability and breach of warranties existed against appellee as of the date of the original complaint and since there was no new evidence discovered on which to base those new theories of recovery, the theories would be barred by the statute of limitations. Although in the past the rule of law may have been different, a new legal theory in an amended complaint must arise out of the facts set forth in the original pleading, in order to "relate back" to the time the original pleading was filed. Florida Rule of Civil Procedure 1.190(c) provides:
When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
The proper test of whether amendments "relate back" for purposes of the statute of limitations is whether the pleading as amended is based on the same conduct, transaction or occurrence upon which the plaintiff tried to bring the original claim. Scarfone v. Marin, 442 So.2d 282 (Fla. 2d DCA 1983).
In this case, the new theories or causes of action did relate back to the general fact situation involved in the negligence count. In my view they had merit, based on the record. Nor should a change of legal theory based on facts of which a defendant had fair notice, constitute prejudice in and of itself, at the summary judgment stage. See Haag v. Phillips, 333 So.2d 507 (Fla. 2d DCA 1976). Florida courts favor liberality in allowing amendments to pleadings. In my view, not to have allowed the amended complaint to be filed in this case was an abuse of discretion. See Fouts v. Margules, 98 So.2d 394 (Fla. 3d DCA 1957).
NOTES
[1] See, e.g., cases which hold that where summary judgment should be entered, but matters presented indicated that the unsuccessful party may have a cause of action not pleaded, the proper procedure is to enter summary judgment with leave to amend the complaint. Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla.1971); Hart Properties, Inc. v. Slack, 159 So.2d 236, 240 (Fla.1964); Roberts v. Braynon, 90 So.2d 623 (Fla.1956); Bilic v. New Fairways Investments of Florida, Inc., 543 So.2d 458 (Fla. 5th DCA 1989); Key Bank of Florida v. First United Land Title Co., 502 So.2d 1280 (Fla. 2d DCA 1987); Cudlipp v. Blue Chip Laundry, Inc., 476 So.2d 783 (Fla. 4th DCA 1985); Woodham v. Moore, 428 So.2d 280 (Fla. 4th DCA 1983); Kadar v. Iowa Nat. Mut. Ins. Co., 374 So.2d 1075 (Fla. 5th DCA 1979); First National Bank of Tampa v. Pappas, 372 So.2d 989 (Fla. 2d DCA 1979); Inman v. The Club on Sailboat Key, Inc., 342 So.2d 1069 (Fla. 3d DCA 1977), and cases cited therein.
[2] The Florida Rules of Appellate Procedure were amended to avoid the pitfall for partial final summary judgments created by Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974). See, Rule 9.110(k).