925 So.2d 486 (2006)
CITY OF SANIBEL, David Gomberg, and Francine Gomberg, Petitioners,
v.
Steve MAXWELL and Catherine T. Maxwell, husband and wife; Jordan Fairman and Adrien Rothschild, husband and wife; Roxanne Olevsky and Paul Dibenedetto, husband and wife; and Fay Matthews, Respondents.
No. 2D05-3622.
District Court of Appeal of Florida, Second District.
April 19, 2006.
*487 Kenneth B. Cuyler, City Attorney, City of Sanibel, Sanibel, for Petitioners City of Sanibel.
Clayton W. Crevasse of Roetzel & Andress, LPA, Fort Myers, for Petitioners David Gomberg and Francine Gomberg.
Melville G. Brinson, III, of Adams, Feichthaler & Brinson, St. James City, for Respondents.
PER CURIAM.
The petitioners, the City of Sanibel, David Gomberg, and Francine Gomberg, seek to prohibit the trial court from further entertaining jurisdiction on the claims asserted by the respondents, Steve Maxwell, Catherine T. Maxwell, Jordan Fairman, Adrien Rothschild, Roxanne Olevsky, Paul Dibenedetto, and Fay Matthews. The petitioners correctly assert that the trial court exceeded its subject matter jurisdiction in entering an order granting leave to the respondents to file a second amended complaint. They seek a writ of prohibition to curtail any further proceedings in this case (trial court case no. 02-13281-CA-JC). We grant prohibition and direct the trial court to quash the order permitting the filing of the second amended complaint.[1]
These parties have been involved in a number of proceedings concerning a new house in Sanibel which is owned by the Gombergs. It appears that the respondents, identifying themselves as property owners of improved parcels near or adjacent to the Gombergs' house, began their efforts to prevent the Gombergs from building the house either prior to or during its construction. They challenged the Gombergs' application for a variance necessary to build the house, and when the City granted the variance, they pursued an administrative appeal of that decision without success. After exhausting their administrative remedies, they filed an amended complaint with the circuit court challenging the grant of the variance and seeking injunctive and declaratory relief.[2] *488 The City and the Gombergs moved to dismiss the amended complaint, in significant part, because the challenge to the City's grant of the variance was not appropriate for suit but rather could only be reviewed by the circuit court in a certiorari proceeding.
The trial court granted dismissal "without prejudice to the plaintiffs [the respondents herein] to seek relief in an original Petition for Writ of Certiorari." The order of dismissal was filed August 19, 2003, and no appeal was taken from that order. The respondents then sought a writ of certiorari in a separate proceeding but subsequently withdrew their objection to the grant of the variance and agreed to a denial of their request for the writ of certiorari. Thereafter, in May 2005, they filed a motion for leave to file a second amended complaint in the original lawsuit, case no. 02-13281-CA-JC. They argued, in part, that their lawsuit did not involve merely a challenge to the request for a variance but also encompassed other claims. The trial court determined that it had jurisdiction and granted their motion.
The petitioners assert that the trial court did not have jurisdiction to enter the order granting leave to file a second amended complaint because the lawsuit had been resolved by the August 2003 order of dismissal filed almost two years before the filing of the respondents' motion for leave to file the second amended complaint. Although the trial court's determination that it had jurisdiction is understandable, under the unique circumstances in this case we cannot agree with its conclusion.
Various attorneys have represented these parties concerning the disputes. At the time the motions to dismiss were considered, the amended complaint appeared to involve a single issue  the grant of the variance. Only after the order of dismissal was entered and the certiorari proceeding had concluded did the respondents' counsel suggest that this case involved not only a challenge to the grant of a variance but other claims as well. The August 2003 order was not a partial dismissal of the claims asserted in the amended complaint. Rather, it granted dismissal without prejudice to seek the appropriate relief  certiorari review of the quasi-judicial decision made by the local zoning authority. The August 2003 order marked an end to judicial labor in the original case. Thus, the trial court lacked subject matter jurisdiction to grant the motion allowing the respondents to file a second amended complaint notwithstanding their argument that the August 2003 order dismissed only one of several claims.
Accordingly, prohibition is hereby granted. The trial court is directed to quash the order granting leave to file a second amended complaint. We assume it will not be necessary to issue the writ.
Prohibition granted with directions.
SALCINES and LaROSE, JJ., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] We caution that prohibition should not be sought merely to revoke an order already entered. As explained in English v. McCrary, 348 So.2d 293, 296-97 (Fla.1977):

Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction. It is preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered.
Nonetheless, because prohibition is proper in this matter, we have authority to direct the trial court to quash the order which was entered in excess of its jurisdiction. See City of St. Petersburg v. Circuit Court of Sixth Judicial Circuit, 422 So.2d 18 (Fla. 2d DCA 1982). In City of St. Petersburg, this court considered a petition for writ of prohibition seeking relief similar to that sought by the petitioners in this case, granted prohibition, and directed the trial court to quash the "purported order" which had permitted the filing of an amendment to a complaint. This court determined that the trial court no longer had subject matter jurisdiction in light of a prior final order and stated: "When a court's jurisdiction over the subject matter is terminated, prohibition is the proper remedy to prevent further action from being taken." Id. at 19.
[2] Their initial pro se complaint did not specify separate claims for injunctive and declaratory relief as did the amended complaint, which was filed by counsel.