974 So.2d 489 (2008)
GOLDEN GATE HOMES, L.C., Appellant,
v.
L & G ENGINEERING SERVICES, INC. and Mohamad Sonny Salleh, P.E., Appellees.
No. 3D07-398.
District Court of Appeal of Florida, Third District.
January 30, 2008.
Paul J. Kneski, Miami, for appellant.
Stephens Lynn Klein LaCava Hoffman & Puya and Roberta. G. Mandel, Miami, for appellees.
Before RAMIREZ, SUAREZ, and LAGOA, JJ.
SUAREZ, J.
Golden Gate Homes, L.C., appeals an Order Clarifying Order Granting Defendants' Motion for Reconsideration and to Dismiss. The trial court dismissed without prejudice Golden Gate's complaint for breach of contract and negligence after the *490 statute of limitations had run. Because we find that Golden Gate's motion to reinstate was both untimely, if considered as a motion for rehearing, and did not meet the prerequisites for setting aside a judgment, if filed pursuant to Florida Rule of Civil Procedure 1.540, we affirm the dismissal.
On October 30, 2006, the trial court entered an order granting Golden Gate's attorney's motion to withdraw and ordered Golden Gate to obtain new counsel within fifteen days or face sanctions including dismissal of Golden Gate's complaint. On Nov 8, 2006, a new law firm filed a motion on behalf of Golden Gate requesting a continuance of the November 27, 2006 trial date, stating it would represent Golden Gate only if the continuance were granted. The trial court denied the motion to continue on November 16, 2006. On November 22, 2006, the trial court entered an order granting without prejudice Defendant L & G Engineering Services, Inc.'s Motion to Dismiss Golden Gate's complaint for failure to retain new counsel within the court-ordered fifteen days. On December 12, 2006, although the statute of limitations had run, Golden Gate moved to reinstate the complaint giving reasons for its difficulty in obtaining new counsel. On December 21, 2006, the trial court reinstated the action. Then, on December 28, 2006, the trial court vacated its December 21 order on grounds that Golden Gate's December 12, 2006 Motion to Reinstate was untimely under Florida Rule of Civil Procedure 1.530 and was insufficient to set aside the reinstatement under Florida Rule of Civil Procedure 1.540. We agree. The December 12, 2006 Motion to Reinstate the action was neither timely as a motion for a new trial or rehearing, required to be served not later than ten days after judgment, see Fla. R. Civ. P. 1.530, nor legally sufficient to demonstrate excusable neglect sufficient to constitute relief from judgment. See Fla. R. Civ. P. 1.540.
The trial court's November 22, 2006 order dismissing Golden. Gate's complaint without prejudice is a dismissal with prejudice as the statute of limitations had run. See Walden v. Adekola, 773 So.2d 1218 (Fla. 3d DCA 2000); see also Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982) (holding that order of dismissal without prejudice is a final appealable order). Therefore, Golden Gate's December 12 Motion to Reinstate, if treated as a motion for rehearing pursuant to Rule 1.530(b), was untimely as it was served more than ten days after the trial court's November 22 order dismissing the action.[1] If considered as a motion for relief from judgment, decree, or order pursuant to Florida Rule of Civil Procedure 1.540, Golden Gate's failure to timely secure legal counsel was itself not a basis for excusable neglect so as to qualify for relief from judgment. See Szucs v. Qualico Dev., Inc., 893 So.2d 708 (Fla. 2d DCA 2005).
The dismissal order of November 22, 2006, was a final appealable order. Derma Lift 419 So.2d at 1180. The trial court lost jurisdiction over the cause after the ten-day period for rehearing expired. See Curbelo v. Ullman, 571 So.2d 443 (Fla. 1990); Derma Lift, 419 So.2d at 1180 (holding that trial court lost jurisdiction to set aside order of dismissal without prejudice after time for rehearing had expired). Appellant failed to exercise its option to file a motion for rehearing within ten days, to file an appeal within thirty days from the judgment, or to re-file the action. The appellant cannot now complain that it was prejudiced by the trial court's ruling. See *491 Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980) (determining that trial court was without jurisdiction to consider motion for leave to amend complaint when plaintiff did not timely appeal or seek rehearing following dismissal without prejudice).
We find no abuse of discretion by the trial court in vacating its motion to reinstate the action and therefore affirm the order below. Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606, 609 (Fla.1994) ("A trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice."); Masot v. Hoteles Doral, C.A., 645 So.2d 184 (Fla. 3d DCA 1994); see Szucs, 893 So.2d at 708.
Affirmed.
NOTES
[1] Florida Rule of Civil Procedure 1.530(b) requires motions for rehearing to be served no later than ten days from the date the order is filed.