PER CURIAM.
Liberty Insurance Corporation (Liberty) petitions for a writ of prohibition to bar the trial court from exercising further jurisdiction over a third-party complaint filed against it, and to quash the trial court’s order denying its motion to dismiss the third-party complaint. We grant the petition.
*614 Timothy P. Litersky sued Susan M. Milne for damages for negligence in connection with a motor vehicle accident. One jury found Milne liable, following which the trial court denied her motion for new trial; then another jury found a dollar amount of damages, following which the trial court denied Litersky’s motion for new trial. The denial of the motion for new trial occurred on January 4, 2012. Prior to entry of the final judgment, Liberty, as Milne’s liability insurance carrier, was joined as a party defendant — but only for the limited purpose of the nonjoinder statute, section 627.4136, Florida Statutes.[1]
On February 1, 2012, the trial court entered a final judgment in favor of Liter-sky. The judgment was against Liberty in the amount of its $50,000 policy limits, and provided that the amount to be recovered from Liberty and Milne together was not to exceed $1,018,535.90.
Also on February 1, 2012, Milne filed a pleading which she labeled as a crossclaim; it was against Liberty for bad faith failure to settle by failing to timely tender its policy limits to Litersky. As Liberty actually was not then a party for any purpose other than the nonjoinder statute, all parties agree the pleading properly was a third-party complaint, see Fla. R. Civ. P. 1.180(a). Liberty contends this occurred only after the final judgment was entered, and the crossclaim does appear on the court docket as having been filed of record after the final judgment was filed; however, the clerk’s date-and-time stamps indicate that the third-party complaint was filed in the morning and the judgment was filed in the afternoon on the same date. It is undisputed that Milne properly served Liberty with process by serving Florida’s chief financial officer, but that did not occur until February 10.
Liberty moved to dismiss the third-party complaint for a number of reasons, including that the trial court lacked subject matter jurisdiction over it because the pleading was filed after the trial court entered the final judgment in the case. Milne acknowledged the action against Liberty might be premature while she exhausts her appellate remedies,[2] but asked the trial court only to abate her action while the appeal was pending, rather than dismissing it — which it did.
Liberty’s main argument at the hearing was that a trial court loses jurisdiction when the final judgment is rendered and the time to move for rehearing or new trial has passed. In this case, because the time to file those motions ran from the date of the verdict in a jury trial, Fla. R. Civ. P. 1.530(b), those time limits already had passed by the time the final judgment was entered. Once the time had run to file a motion for rehearing or new trial, all the trial court had jurisdiction to do was to enforce the judgment or alter or amend it; it did not have jurisdiction over a new claim. Liberty did not dispute Milne’s *615 right to pursue a bad faith claim against it, but asserted she could do so only by filing a new complaint, not by filing a third-party action within the tort case, because the trial court lacked jurisdiction to entertain it within the tort case.
The trial court denied Liberty’s motion as to dismissal, but granted it as to abatement, and the instant petition for writ of prohibition followed.
“The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied.” State ex rel. Am. Home Ins. Co. v. Seay, 355 So.2d 822, 824 (Fla. 4th DCA 1978) (quoting Gen. Capital Corp. v. Tel Serv. Co., 212 So.2d 369, 382 (Fla. 2d DCA 1968), modified, 227 So.2d 667 (Fla.1969)). See generally City of Boca Raton v. Ross Hofmann Assocs., Inc., 501 So.2d 72 (Fla. 4th DCA 1987) (reversing order granting previously filed motion to amend complaint, after entry of final judgment and denial of motion for rehearing, when trial court had no authority to permit amendment); DiPaolo v. Rollins Leasing Corp., 700 So.2d 31, 32 (Fla. 5th DCA 1997) (dismissing appeal from order denying motion to amend complaint, where motion was pending at the time trial court entered summary judgment on single count of negligence and reserved jurisdiction to rule on motion to amend; after summary judgment was entered and time for filing motion for rehearing and notice of appeal expired, there remained no action pending before the trial court on which to base an amendment); Fla. Nat’l Bank v. Domanska, 486 So.2d 1384, 1385 (Fla. 3d DCA 1986) (reversing order granting plaintiffs motion to file an amended complaint adding new theories, filed along with his motion for rehearing after final judgment was entered; trial court was without jurisdiction to allow amended complaint after it denied plaintiffs motion for rehearing; final judgment could not be disturbed except on properly filed rule 1.540 motion); Jared v. Jackson, 483 So.2d 51, 52 (Fla. 4th DCA 1986) (quashing order granting motion to enforce post-judgment settlement agreement, which was entered after trial court lost jurisdiction through entry of final judgment and expiration of time for filing motion for rehearing).
At the time of the final judgment, Liberty had not been made a party to the underlying litigation (except for the limited purpose of the nonjoinder statute) in that it had not been served process at the time of the final judgment, or even by the time that the “crossclaim” was allowed. See generally Sas v. Postman, 687 So.2d 54 (Fla. 3d DCA 1997) (granting petition for writ of prohibition to preclude trial court from entering orders affecting former co-defendant, after plaintiff filed amended complaint against one defendant which dropped another defendant, the petitioner, as a party; filing amended complaint terminated proceedings against petitioner, resulting in trial court’s loss of jurisdiction over her person).
Milne’s serving a third-party complaint could not revive an underlying action that already had been concluded; any attempt to file a crossclaim or a third-party complaint or to serve process on Liberty was a nullity after the denial of the last motion for new trial. See generally Lopez v. Peter R. Brown Co., 492 So.2d 1174, 1175 (Fla. 2d DCA 1986) (where appellant filed crossclaim against codefen-dant in his initial answer, but crossclaim was not served before the original pleading was dismissed with prejudice by stipulation of the parties, holding that crossclaim did not survive voluntary dismissal; how *616 ever, separate action was not precluded if cause of action still existed).
Accordingly, we grant the petition, prohibit the trial court from asserting subject matter jurisdiction over Milne’s third-party complaint against Liberty, and quash the order denying Liberty’s motion to dismiss — all, however, without prejudice to Milne’s raising the claim set forth in her “crossclaim” as a separate and independent cause of action.

Petition Granted.

MAY, C.J., POLEN and HAZOURI, JJ., concur.

. Section 627.4136 provides for the nonjoin-der of insurers in actions in which insurance coverage exists. Subsection 627.4136(4) provides as follows:
(4) At the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by the motion of any party, unless the insurer denied coverage under the provisions of s. 627.426(2) or defended under a reservation of rights pursuant to s. 627.426(2). A copy of the motion to join the insurer shall be served on the insurer by certified mail. If a judgment is reversed or remanded on appeal, the insurer’s presence shall not be disclosed to the jury in a subsequent trial.

. Milne’s appeal of the judgment against her in the tort action is currently pending in this court. Milne, v. Litersky, No. 4D12-751.