SILBERMAN, Chief Judge.
Travelers Casualty and Surety Company of America seeks certiorari review of the circuit court’s order denying its motion to dismiss a supplemental third-party complaint filed by Culbreath Isles Property Owners Association, Inc. (the Association). We convert the petition to one seeking a writ of prohibition and grant the writ because the circuit court exceeded its jurisdiction when it allowed the Association to proceed on the supplemental third-party complaint.
The proceedings below began in 2008 when the Association filed a complaint against Nancy and Richard Lewis based on their alleged violations of the Culbreath Isles deed restrictions. In June 2010, the circuit court entered a final summary judgment in favor of the Lewises based on its finding that the deed restrictions were unenforceable. In the final judgment, the court reserved jurisdiction to award attorney’s fees. The Association filed a timely notice of appeal of the final judgment. While the appeal was pending, the circuit court entered a second final judgment awarding the Lewises attorney’s fees and costs and reserving jurisdiction solely to consider another motion filed by the Lew-ises for additional fees and costs. The parties thereafter settled all their claims and filed a joint stipulation for dismissal of *898 the case. The Lewises then filed a notice of withdrawal of their motion for additional attorney’s fees and costs, and the Association’s appeal was dismissed.
After the settlement but before the Lewises withdrew their pending motion for additional attorney’s fees and costs in the circuit court, the Association served a motion to file a supplemental complaint to pursue a third-party indemnification claim against Travelers pursuant to Florida Rule of Civil Procedure 1.180.[1] The circuit court granted the motion, and the Association filed the supplemental third-party complaint. Travelers moved to dismiss the supplemental third-party complaint, asserting that the Association was not authorized to file an indemnification claim under rule 1.180 because the Association was the plaintiff below and no counterclaim had been filed. The court denied the motion to dismiss.
Travelers filed a petition for writ of certiorari in this court challenging the denial of its motion to dismiss. In response to Travelers’ petition, the Association argues that certiorari is not a proper remedy because the denial of the motion to dismiss will be subject to review on direct appeal when the case is concluded. We agree that certiorari relief is not available.
In order to establish entitlement to certiorari relief, Travelers “must demonstrate ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal.’ ” Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369, 371 (Fla. 2d DCA 2012) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004)), review denied, No. SC12-745, 2012 WL 4052061 (Fla. Sept. 6, 2012). The second and third requirements are jurisdictional and must be met before the first requirement can be addressed. Id.
Generally, certiorari relief is not available from the denial of a motion to dismiss a civil complaint because the aggrieved party has a remedy in the form of a plenary appeal after entry of final judgment. See Fieselman v. State, 566 So.2d 768, 770 (Fla.1990). Travelers has not pointed to any pertinent exceptions to this general rule or argued it would be precluded from seeking postjudgment review of the order denying its motion to dismiss.
Travelers alternatively requests that we treat the petition for writ of certio-rari as a petition for writ of prohibition. See Fla. R. App. P. 9.040(c) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought....”). Travelers claims that a writ of prohibition is a proper remedy because the circuit court exceeded its jurisdiction by allowing the Association to proceed on the supplemental third-party complaint at that stage in the proceedings. We agree.
A writ of prohibition may be appropriate if a circuit court acts in excess of its jurisdiction in a given case. See City of *899 Sanibel v. Maxwell, 925 So.2d 486, 488 (Fla. 2d DCA 2006); City of St. Petersburg v. Circuit Court of the Sixth Judicial Circuit, 422 So.2d 18, 19 (Fla. 2d DCA 1982). The question becomes whether the circuit court in this case had jurisdiction to allow the filing of the supplemental third-party complaint after entry of the final judgment but before the Lewises withdrew their pending motion for additional attorney’s fees and costs.
“ ‘The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied.’ ” Liberty Ins. Corp. v. Milne, 98 So.3d 613, 615 (Fla. 4th DCA 2012) (quoting State ex rel. Am. Home Ins. Co. v. Seay, 355 So.2d 822, 824 (Fla. 4th DCA 1978)). A circuit court therefore exceeds its jurisdiction by allowing the filing of a third-party complaint after the case has proceeded to this point of finality. See id. In this ease, the circuit court entered the final judgment and the time for filing for rehearing had expired before the Association sought to file a supplemental third-party complaint. Thus, the circuit court exceeded its jurisdiction by allowing the filing.
The fact that the Lewises’ motion for additional attorney’s fees and costs was pending in the circuit court does not change the result in this case. At the time this motion was pending, the circuit court was acting under its reservation of jurisdiction to award attorney’s fees. And when a court has reserved jurisdiction for the sole purpose of awarding attorney’s fees, it exceeds that jurisdiction by granting relief on any other basis. See Weiland v. Weiland, 814 So.2d 1252, 1253 (Fla. 2d DCA 2002); Keister v. Polen ex rel. Bro-ward Cnty., 471 So.2d 656, 657 (Fla. 4th DCA 1985).
The Association argues that the circuit court had jurisdiction to proceed under its inherent continuing jurisdiction to enforce the final judgment. See Dade Cnty. v. Richter’s Jewelry Co., 223 So.2d 375, 376-77 (Fla. 3d DCA 1969). However, the supplemental third-party complaint is not an enforcement action against the Association on its obligation to pay attorney’s fees to the Lewises under the final judgment. Instead, the supplemental third-party complaint seeks relief from a third party that was not joined in the proceedings below based on its obligations under an insurance contract. The contract was not at issue in the proceedings that had taken place. The filing of a third-party complaint in these circumstances is a nullity. Milne, 98 So.3d 613 at 614.
In conclusion, the circuit court exceeded its jurisdiction by allowing the Association to proceed on the supplemental third-party complaint after the time for rehearing of the final summary judgment expired. We therefore grant the petition for writ of prohibition and quash the order denying Traveler’s motion to dismiss. Our decision is without prejudice to the Association’s filing an independent indemnification action against Travelers.
Petition for writ of prohibition granted.
WHATLEY and LaROSE, JJ„ Concur.

. Rule 1.180 provides, in pertinent part, as follows:
(a) When Available. At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. ...
(b) When Plaintiff May Bring in Third Party. When a counterclaim is asserted against the plaintiff, the plaintiff may bring in a third party under circumstances which would entitle a defendant to do so under this rule.