SILBERMAN, Chief Judge.
Travelers Casualty and Surety Company of America seeks certiorari review of the circuit court’s order denying its motion to dismiss an amended third-party complaint filed by Orline M. Sidman as plenary guardian of Phyllis Ann Kirkwood. We convert the petition to one seeking a writ of prohibition and grant the writ because the circuit court exceeded its jurisdiction when it allowed Sidman to proceed on the amended third-party complaint.
The proceedings below began in October 2008 when Culbreath Isles Property Owners Association, Inc. (the Association), filed a complaint against homeowner Kirkwood based on Kirkwood’s alleged violation of the Culbreath Isles deed restrictions. Kirkwood filed a counterclaim for slander of title. The circuit court eventually entered a partial summary judgment in favor of Kirkwood based on its finding that the deed restrictions were unenforceable. The Association filed a notice of appeal, but the parties settled the case while the appeal was pending and the appeal was dismissed. On December 29, 2010, the court entered a consent money judgment in favor of Kirk-wood. In the judgment, the court reserved jurisdiction to enforce its collection and compliance with the terms of the settlement agreement.
The Association then assigned its rights against its insurance carrier, Travelers, to Kirkwood so that Kirkwood could collect her judgment from Travelers. At some point in the proceedings, Sidman was appointed as plenary guardian of Kirkwood. In February 2011, Sidman filed a motion to amend the pleadings to add a third-party indemnification claim against Travelers pursuant to Florida Rule of Civil Procedure 1.180.[1] The circuit court granted the motion, and Sidman filed a third-party complaint which Sidman later amended. Travelers moved to dismiss the amended third-party complaint on several grounds, including that Sidman was not authorized to file a third-party claim under rule 1.180. The court denied the motion to dismiss.
Travelers filed a petition for writ of certiorari in this court challenging the denial of its motion to dismiss. In response to Travelers’ petition, Sidman argues that certiorari is not a proper remedy because the denial of the motion to dismiss will be subject to review on direct appeal when the case is concluded. We agree that cer-tiorari relief is not available.
In order to establish entitlement to certiorari relief, Travelers “must demonstrate ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the ease (3) that cannot be corrected on post-judgment appeal.’ ” Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369, 371 (Fla. 2d DCA 2012) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d *902 812, 822 (Fla.2004)), review denied, No. SC12-745, 2012 WL 4052061 (Fla. Sept.6, 2012). The second and third requirements are jurisdictional and must be met before the first requirement can be addressed. Id.
Generally, certiorari relief is not available from the denial of a motion to dismiss a civil complaint because the aggrieved party has a remedy in the form of a plenary appeal after entry of final judgment. See Fieselman v. State, 566 So.2d 768, 770 (Fla.1990). Travelers has not pointed to any pertinent exceptions to this general rule or argued it would be precluded from seeking postjudgment review of the order denying its motion to dismiss. Travelers alternatively requests that we treat the petition for writ of certiorari as a petition for writ of prohibition. See Fla. R. App. P. 9.040(c) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought.... ”)• Travelers claims that a writ of prohibition is a proper remedy because the circuit court exceeded its jurisdiction by allowing Sidman to proceed on the amended third-party complaint at that stage in the proceedings. We agree.
A writ of prohibition may be appropriate if a circuit court acts in excess of its jurisdiction in a given case. See City of Sanibel v. Maxwell, 925 So.2d 486, 488 (Fla. 2d DCA 2006); City of St. Petersburg v. Circuit Court of the Sixth Judicial Circuit, 422 So.2d 18, 19 (Fla. 2d DCA 1982). The question becomes whether the circuit court in this case had jurisdiction to allow the filing of the amended third-party complaint after entry of the consent judgment.
“ ‘The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied.’ ” Liberty Ins. Corp. v. Milne, 98 So.3d 613, 615 (Fla. 4th DCA 2012) (quoting State ex rel. Am. Home Ins. Co. v. Seay, 355 So.2d 822, 824 (Fla. 4th DCA 1978)). A circuit court therefore exceeds its jurisdiction by allowing the filing of a third-party complaint after the case has proceeded to this point of finality. See id. In this ease, the circuit court entered the consent judgment and the time for filing for rehearing had expired before Sidman sought to file a third-party complaint. Thus, the circuit court exceeded its jurisdiction by allowing the filing.
Sidman argues that the circuit court had jurisdiction to proceed based on its reservation of jurisdiction to enforce collection of the consent judgment. However, the amended third-party complaint is not an enforcement action against the Association on its obligation to pay under the consent judgment. Instead, the amended third-party complaint seeks relief from a third party that was not joined in the proceedings below based on its obligations under an insurance contract. The contract was not at issue in the proceedings that had taken place. The filing of a third-party complaint in these circumstances is a nullity. Milne, 98 So.3d 613 at 614.
In conclusion, the circuit court exceeded its jurisdiction by allowing Sidman to proceed on the amended third-party complaint after the time for filing for rehearing from the consent judgment expired. We therefore grant the petition for writ of prohibition and quash the order denying Traveler’s motion to dismiss. Our decision is without prejudice to Sidman’s filing an independent indemnification action against Travelers.
Petition granted.
WHATLEY and La ROSE, JJ., Concur.

. Rule 1.180 provides, in pertinent part, as follows:
(a) When Available. At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. ...
(b) When Plaintiff May Bring in Third Party. When a counterclaim is asserted against the plaintiff, the plaintiff may bring in a third party under circumstances which would entitle a defendant to do so under this rule.