# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2613
Lower Tribunal No. 10-60555
_____

## Carla Branch,
Appellant,

vs.

## Lee Anne O'Selmo, individually and First Caribbean International Bank d/b/a First Caribbean International Bank (Barbados) Ltd., a foreign entity,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Max R. Price, Dennis Grossman and Jay Warman, for appellant.

Cooney Trybus Kwavnick Peets and Warren B. Kwavnick (Fort Lauderdale), for appellees Lee Anne O'Selmo and First Caribbean International Bank; Holland & Knight, Lee P. Teichner and Frances G. De La Guardia, for appellee First Caribbean International Bank.

Before WELLS, SUAREZ and SALTER, JJ.

WELLS, Judge.

Carla Branch, the plaintiff below appeals from an order denying her motion to amend her complaint, effectively dismissing her personal injury action with prejudice. Because we find that the court below did not lack jurisdiction to entertain her motion, we reverse.

This action stems from an auto accident which occurred in November of 2006 in which Branch, while a passenger in a car driven by a co-worker during a business trip, was seriously injured. Branch and her co-worker reside in Barbados where their employer, First Caribbean International Bank is located.

In advance of the running of the three year statute of limitations on personal injury claims in Barbados, Branch in November of 2009, filed suit against her co-worker and the bank in Barbados. After filing this action, Branch took no further actions to advance it.

On November 19, 2010, in advance of the expiration of the applicable Florida statute of limitations, Branch brought suit against the same defendants here. The Florida action thereafter proceeded in the court below where over a period spanning two years it was actively litigated with numerous depositions and other discovery being undertaken. In September of 2012, after this matter was set for trial for the one week trial period commencing October 29, Branch's co-worker, defendant Lee Anne O'Selmo filed a motion to dismiss Branch's

2

complaint. That motion asserted only that Barbados would be a more "appropriate" forum in which to resolve this matter and that "[i]f the instant action is tried, the Barbados action will not be resolved and the Plaintiff can try again to recover against the Defendants."

Despite the fact that O'Selmo's motion, which must be characterized as a forum non conveniens motion, was two years too late and that no authority was cited for the proposition that two actions on the same claim may not be maintained in different jurisdictions simultaneously, the court below granted the motion. The court abated the action for 30 days for Branch to either dismiss her pending Barbados action with prejudice or provide the court with documents that demonstrated that the Barbados case "has been abated [and] that any judgment . . . of the case in Florida would be res judicata in the action pending in Barbados."

When Branch failed to satisfactorily comply, O'Selmo and the bank moved for a dismissal with prejudice reasserting its now long waived forum non conveniens claim and arguing that Branch's failure to comply with the trial court's prior order warranted dismissal as a sanction:

> Plaintiff's willful noncompliance with the court's January 15, 2013 order warrants dismissal of this action. Warriner v. Ferraro, 177 So. 2d 723 (Fla. 3d DCA 1965). Where a party's failure to comply with a court order is willful and not due to mistake, inadvertence or excusable neglect, dismissal is appropriate. Diaz v. Bushong, 619 So. 2d 1020 (Fla. 3d DCA 1993).

3

On April 29, 2013, following a hearing at which Branch advised the court that she could not abate the Barbados action in a manner that would satisfy the requirements of the prior order, the court below entered an order granting the motion "in part," dismissing the action "without prejudice" and allowing Branch to file a motion to amend her complaint in 20 days if she dismissed the Barbados action in such a way that it did not permit her to seek additional damages in Barbados:

> Granted in part. I dismiss the pending action in Florida but that dismissal is without prejudice and can be re-brought if the action in Barbados is dismissed in such a way that does not permit the Plaintiff to seek additional damages in Barbados. Plaintiff has twenty days to move for leave to amend.

On May 15, within the 20 days allotted, Branch filed a motion for leave to amend in which she alleged that she had fully complied with the trial court's April 29 order by "dismissing the Barbados case." Attached to this motion and incorporated therein was a Notice of Discontinuance filed in the Barbados action in which Branch discontinued—that is, dismissed—the Barbados action.

In response, O'Selmo, while conceding that the April 29 order was "without prejudice" to filing an amended complaint, argued that Branch could not amend her complaint because the April 29 order dismissed this action and that it could not be resurrected by timely amendment because the statute of limitations had now run

on Branch's claim. Alternatively, O'Selmo claimed that the Notice of Discontinuance filed in the Barbados case did not effectively terminate that case.

At a hearing conducted on July 18, 2013, Branch adduced uncontroverted expert testimony that the Notice of Discontinuance that she filed in the Barbados action unequivocally terminated that action. However, accepting O'Selmo's argument that the April 29 order had dismissed the entire action, depriving the trial court of jurisdiction to entertain an amendment to the complaint now that the appeal time from that order had run, the court denied Branch's motion to amend, leaving Branch, now that the statute of limitations had run in Florida, with no forum in which to seek recovery:

> ORDERED AND ADJUDGED that Plaintiff's Motion is hereby DENIED. The instant action cannot be amended as it has been dismissed. See Derma Lift Salon, Inc. v. Swanko, 419 So. 2d 1180 (Fla. 3d DCA 1982) (holding that when a trial court dismisses an action, even without prejudice, further jurisdiction of the trial court is terminated except upon the timely filing of a motion for rehearing); Golden Gate Homes, L.C. v. L& G Eng'g Servs., Inc., 974 So. 2d 489 (Fla. 3d DCA 2008) (holding that after trial court dismissed the complaint, the action could not be reinstated because the "trial court lost jurisdiction over the cause after the ten-day period for rehearing expired"); City of Sanibel v. Maxwell, 925 So. 2d 486 (Fla. 2d DCA 2006) (holding that where the trial court dismissed the amended complaint and no appeal was taken, the trial court "exceeded its subject matter jurisdiction" by granting leave to file a second amended complaint).

We reverse the order on appeal. While the April 29 order was not a model of clarity, it was neither intended to dismiss, nor dismissed, the Florida action in

such a manner as to amount to a final judgment, such that the trial judge would be divested of jurisdiction to allow the amendment sought. At best, the order abated the Florida action, allowing plaintiffs twenty days to prove dismissal of the Barbados action. Any question as to this is resolved by the trial court's statements at the April 29 hearing while making its ruling and entering the order at issue:

> MR. PRICE [COUNSEL FOR BRANCH]: What I want to clarify, in terms of your ruling, so we walk out of here, know exactly where we're at, we're in a situation where they've already exchanged documents in Barbados, effectively dismissing the case there. I don't want to be in a situation where now this order is somehow used against me to say, oh, the Judge dismissed your case here, now the Judge can do nothing further, and now we've got a dismissal in Barbados, now we [h]ave – because we're dealing with statute of limitations in both countries, and obviously, the effect of this is not to put [Branch] in the position where both cases are dismissed in both jurisdictions. I certainly don't want to be in that.
>
> . . . .
>
> But I don't want to be in a situation where we've dismissed Barbados, but I'm also faced with a dismissal here, and now we have nothing anywhere.
>
> . . . .
>
> THE COURT: . . . I've dismissed today without prejudice. So like many lawsuits that are pending, where there's no complaint pending, but there's still an action pending, so that will be the state in Florida at the moment, it will require a dismissal in Barbados, that, from what I'm hearing, you all may disagree as to the nature of that dismissal. Then you will have to file – plaintiff will have to file a motion for leave to file an amended complaint, in which you attempt to prove to me, through whatever method you choose, Barbadian expert witnesses, Barbadian statutes, et cetera, that the dismissal in Barbados precludes the plaintiff from seeking additional damages in

6

Barbados. You're not going to have to prove to me that she's not going to be able to collect her Florida judgment.

MR. PRICE: Okay.

THE COURT: The defendants are going to attempt to prove to me, on that day, that there's defects in that – may attempt to prove to me that there are defects in the Barbadian dismissal and that I shouldn't let you file the amended complaint. And then on that day, we'll have to – I'll have to decide whether to let you file the amended complaint or not. But there will have to be some interim period in which there's no complaint pending anywhere.

. . . .

MR. TEICHNER [COUNSEL FOR THE BANK]: . . . But presently, the Florida lawyers here don't have a case because it's been dismissed.

MR. PRICE: That's just it. What they want now is because the dismissal's already happened in Barbados.

. . . .

THE COURT: In any event, I don't agree with Mr. Teichner that there is not a case. There is a case. There is still a case, with this case number. There is not a complaint pending. And, you know, now that I'm thinking about it, maybe I should have some kind of deadline. We don't allow cases without complaints to stay open indefinitely. How much time do you want to try to accomplish the dismissal in Barbados and to bring the motion to amend?

. . . .

MR. PRICE: Ten days.

THE COURT: Okay. I think we should add that. And I think we should give you more than ten days –

. . . .

Double ten days. Twenty days. So let me add that to the order. I wish to add that, the defendant – plaintiff has twenty days to attempt to move to amend. You can't amend as a matter of right, you have to move for leave to amend.

In sum, reviewing the order as well as the trial judge's comments in making its ruling we conclude the order at issue did not dismiss the action or case, but only dismissed the complaint with leave to amend upon a showing that the Barbados action had been terminated. The September 23, 2013 order denying Branch's motion to amend based on a determination that the court lacked jurisdiction to consider that motion by virtue of dismissal of this action on April 29, is, therefore, contrary to both the letter and certainly the intent of that order.

It also is incorrect as a matter of law. "An order of dismissal granting leave to amend is interlocutory in nature until expiration of the amendment period and entry of final judgment by the trial court." Dade County Classroom Teachers' Ass'n, Inc. v. State Board of Education, 269 So. 2d 657, 657-58 (Fla. 1972). On this point, we find appellees' reliance on DiPaolo v. Rollins Leasing Corp., 700 So. 2d 31, 32 (Fla. 5th DCA 1997), misplaced. There, our sister court observed:

Once the summary judgment was entered disposing of the only action properly before the court as to Rollins, and the time for filing a petition for rehearing or a motion for new trial and the appeal period has run, there was no action remaining before the trial court on which to base an amendment even if the court had seen fit to permit one. A pending motion to amend does not extend the trial court's jurisdiction after entry of final judgment, and the court's reserving consideration of that issue until a later time does not change that fact.

8

No summary judgment or final disposition of the action pending below was entered in this case. Nor does the instant case involve a motion to amend pending before final disposition. DiPaolo is simply inapposite.

So too are the cases relied on by the trial court in its dismissal order. In Derma Lift Salon, Inc. v. Swanko, 419 So. 2d 1180, 1180 (Fla. 3d DCA 1982), this court concluded a trial court's order of dismissal for failure to comply with discovery, albeit "without prejudice," was a final order. However, the order at issue there accorded no opportunity to amend. Similarly, in Golden Gate Homes, L.C. v. L & G Engineering Services, Inc., 974 So. 2d 489, 490 (Fla. 3d DCA 2008), this court concluded that an order, not contingent on any further action by the plaintiff, which granted a motion to dismiss as a sanction and without prejudice was a final order. Finally, while our sister court in City of Sanibel v. Maxwell, 925 So. 2d 486, 488 (Fla. 2d DCA 2006), concluded that a trial court was without jurisdiction to proceed, it did so on facts wholly distinguishable from those of the case at hand:

> The trial court granted dismissal "without prejudice to the plaintiffs [the respondents herein] to seek relief in an original Petition for Writ of Certiorari." The order of dismissal was filed August 19, 2003, and no appeal was taken from that order. The respondents then sought a writ of certiorari in a separate proceeding but subsequently . . . agreed to a denial of their request for the writ of certiorari. Thereafter, in May 2005, they filed a motion for leave to file a second amended complaint in the original lawsuit, case no. 02-13281-CA-JC.

City of Sanibel, 925 So. 2d at 488.

Here unlike <u>City of Sanibel</u>, time was accorded to amend in the pending action and timely compliance with that authorization occurred.

In short, this and the other cases cited by the trial court are simply inapposite. The order of dismissal with leave to amend was not a final order which resulted in loss of jurisdiction in the court below and must be reversed. Moreover, because no legal basis was demonstrated either below or in this court for demanding that Branch dismiss her action in Barbados as a condition precedent to maintaining her action here, and because the record demonstrates without contradiction that she had done so in any event, on remand Branch shall be allowed to file her amended complaint with this matter being expeditiously set for trial.[1]

Reversed and remanded.

---

[1] In light of these rulings we need not address further the untimely and wholly baseless forum non conveniens arguments made by defendants below.