# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0954
Lower Tribunal No. 21-37399 CC
_____

**Mich Auto Sales Inc.,**
Petitioner,

vs.

**14004 NW 19th Avenue, LLC,**
Respondent.

A Writ of Certiorari to the County Court for Miami-Dade County, Chiaka Ihekwaba, Judge.

BLU Ocean Law Group, P.A., and Nashid Sabir; USA Law Group, LLC, and Smahane Naanaa, for petitioner.

Mervin L. Ford, P.A. and Mervin L. Ford, for respondent.

Before FERNANDEZ, C.J., and LINDSEY and LOBREE, JJ.

LOBREE, J.

Petitioner, Mich Auto Sales Inc., seeks certiorari relief from an order

permitting Respondent, 14004 NW 19th Avenue, LLC, to amend its complaint for eviction postjudgment to modify the address of the subject property. Because the trial court acted in excess of its jurisdiction in permitting Respondent to amend its complaint, we treat the petition as a petition for writ of prohibition,[1] grant relief, and quash the order on review.

Petitioner leased commercial property from Respondent under a written lease describing the premises as bearing two street addresses, 14004 and 14006 NW 19th Avenue, Opa Locka, Florida. The notice to cure lease violations, complaint for eviction, motion for final judgment, supporting affidavit and final judgment all reflected that this action pertained solely to possession of premises at 14004 NW 19th Avenue.[2] The final judgment of eviction for possession of the premises reserved jurisdiction solely for the purpose of awarding attorney's fees. Neither party moved for rehearing.

Upon execution of the ensuing writ of possession, the sheriff declined to remove Petitioner from the part of the leased building showing the property address of 14006 NW 19th Avenue. Over a month after entry of the final judgment, Respondent moved under Florida Rule of Civil Procedure 1.190(a)

---

[1] See Dupree v. Dellmar, 323 So. 3d 342, 343 n.1 (Fla. 3d DCA 2021); Wolfe v. Newton, 310 So. 3d 1077, 1081 (Fla. 2d DCA 2020).

[2] None of the pleadings prior to issuance of the final judgment identified the property using the legal description in the county recorder's official records.

2

for leave to amend its complaint to modify the description of the subject property and also sought to amend the final judgment. The trial court granted the motion and ordered Petitioner to answer the amended complaint within five days. The trial court further ordered that in the absence of a timely answer, Respondent would be entitled to an amended final judgment in its favor for possession of the premises at 14004 and 14006 NW 19th Avenue. This writ petition followed, and we stayed the proceedings below.

"The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied." Liberty Ins. Corp. v. Milne, 98 So. 3d 613, 615 (Fla. 4th DCA 2012) (quoting State ex rel. Am. Home Ins. Co. v. Seay, 355 So. 2d 822, 824 (Fla. 4th DCA 1978)); see also Maya v. Deutsche Bank Nat'l Tr. Co., 264 So. 3d 1076, 1078 (Fla. 3d DCA 2019) ("Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment." (quoting Ross v. Wells Fargo Bank, 114 So. 3d 256, 257 (Fla. 3d DCA 2013))). "The trial court may hold some degree of 'case' jurisdiction after a final decree has become final, but only 'to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs,

3

and similar issues.'" Wolfe, 310 So. 3d at 1081 (citation omitted) (quoting Tobkin v. State, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001)). Other than ancillary matters, the trial court "retains jurisdiction to the extent such is specifically reserved in the final judgment or as otherwise provided by statute or rule." Maya, 264 So. 3d at 1078 (quoting Ross, 114 So. 3d at 257); see also U.S. Bank Nat'l Ass'n v. Anthony–Irish, 204 So. 3d 57, 60 (Fla. 5th DCA 2016) ("The court is said to act outside of its jurisdiction if it enters additional orders after a voluntary dismissal or a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders.").

For that reason, in the absence of a reservation of jurisdiction to rule on the specific issue, it is axiomatic that where the rehearing time has concluded without motion, the trial court lacks the power to permit amendment of the complaint. Compare Fla. Nat'l Bank v. Domanska, 486 So. 2d 1384, 1385 (Fla. 3d DCA 1986) ("[I]t appears conclusively from the record that the trial court was without jurisdiction to permit the filing of a new complaint in the action after it denied plaintiff's motion for rehearing filed pursuant to Florida Rule of Civil Procedure 1.530."), with DiPaolo v. Rollins Leasing Corp., 700 So. 2d 31, 32 (Fla. 5th DCA 1997) ("Once the summary judgment was entered disposing of the only action properly before the court as to Rollins, and the time for filing a petition for rehearing or a motion for

4

new trial and the appeal period has run, there was no action remaining before the trial court on which to base an amendment even if the court had seen fit to permit one."), and De Soleil S. Beach Residential Condo. Ass'n v. De Soleil S. Beach Ass'n, 322 So. 3d 1189, 1196 (Fla. 3d DCA 2021) (finding trial court had jurisdiction to grant defendant's motion for leave to amend to add counterclaims, where motion was filed before final judgment was entered and granted eighteen days after final judgment was entered, because time for rehearing had not expired; "As the deadline to move for rehearing had not expired, and the Residential Association had not yet filed a motion for rehearing, the court still retained jurisdiction to consider the Defendants' motion to supplement counterclaims and amend the pleadings regardless of the merit of those counterclaims."). Thus, the trial court here exceeded its jurisdiction in considering Respondent's motion for leave to amend the complaint and in permitting the complaint's amendment.

We therefore grant the petition for writ of prohibition and quash the order granting Respondent leave to amend its complaint.

Petition granted.